## GEORGE ELLISON *v.* W. C. LEWIS.

1. REPLEVIN. *Venue.*

Replevin before a justice of the peace may be brought in the county where the goods are found, although the defendant is a resident freeholder and householder of another county. *Cain* v. *Simpson*, 53 Miss. 521, distinguished.

2. VENUE. *Freeholder and householder.*

One who is neither a freeholder nor householder can be sued in any action, wherever he is found.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

*Birchett & Gilland*, for the plaintiff in error.

Replevin at common law, as under our statute, is purely a local action and depends on the *situs* of the property. If the sheriff returns the writ "no property found," although it is served on the defendant, the suit can proceed no further. The statute does not provide for any of the consequent writs of the common law. The statutory action of replevin is a proceeding *in rem*, which the court has no power to try unless the property is within its territorial jurisdiction. *Turner* v. *Lilly*, 56 Miss. 576. If the action can be brought only in the county of the defendant's residence, an expert person can defeat the remedy by keeping property, which he has wrongfully taken, in a county where he does not reside, or a thief can escape with a horse if he avoids going through the county of his residence, by riding past the owner's door.

*Shelton & Crutcher*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff sued out a writ of replevin in Vicksburg, Warren County, for a mule which was there, and was seized under the writ, and the defendant was summoned there to answer the action. He appeared, and made affidavit that he was a resident of Hinds County, at the time of the suing out of the writ, and upon this affidavit moved to dismiss the case for want of jurisdiction in the court in Warren County. The writ was issued by and returnable before a justice of the peace in Vicksburg. The motion to dismiss was denied by the justice of the peace, but on appeal to the Circuit Court a motion to dismiss the case because the justice had no jurisdiction was sustained.

The motion was improperly sustained. The affidavit does not show that the defendant was a "freeholder or householder" of Hinds County, and, if neither, he might be sued, wherever found in any action. But if he was a freeholder and householder, resident in Hinds County, it was the right of the plaintiff to sue out the writ of replevin for the mule in Vicksburg, where it was at the time, and the seizure of the mule there gave the justice of the peace of that district jurisdiction of the

case. Replevin is for a particular thing, and where the thing is found is the proper venue of such action. The action of replevin is *sui generis* and governed by its own provisions, as found in the Code. The affidavit, writ and pleadings in the action are all provided for in the chapter applicable to the action of replevin. In it there is no direction as to where the action shall be brought. The right to the writ is given, and the terms of its issuance are prescribed, and Code 1871, § 1530, directs that "the writ of replevin shall command the sheriff or other lawful officer of the *proper* county to take the goods." The "*proper county*" must be that in which the goods are. Sect. 1303 of the Code defines the territorial jurisdiction of justices of the peace as being coextensive with their county, but subject to the right of every freeholder or householder of the county to be sued in the district of his residence, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found. In *Cain* v. *Simpson*, 53 Miss. 521, we held that a freeholder or householder, resident in one county and visiting another, could not be sued in the latter county before a justice of the peace. That was a personal action for a debt, and a careful consideration of all the statutes led to the conclusion that the only way in which to guard the right of the defendant in such case was to deny jurisdiction in the justice of the peace of another county than that of the residence of the defendant. That conclusion was suggested by the manifest purpose of the statutes to secure to a defendant the right to be sued in his county, if he is a freeholder or householder resident there. But the action of replevin is different. In it the seizure of the thing gives jurisdiction. The defendant is required to be summoned, that he may contest the claim of the plaintiff to the thing seized. Without a seizure of the thing, the action fails, although the defendant be found and summoned. We fail to find any statutory provision for a justice of the peace of Hinds County, upon an affidavit made before him, to issue a writ of replevin to Warren County. Sect. 1303 of the Code authorizes a justice of the peace to "issue any process in matters within his jurisdiction, to be executed in any part of his county." Sect. 1320 authorizes the issuance of a

summons to any other county than that in which the suit is brought, where there are two or more defendants. No statute authorizes replevin to be brought before a justice of the peace in one county, and his issuance of the writ of replevin to another county. The command of the writ of replevin is to take the goods described in the affidavit, and dispose of them as directed, and to summon the defendant. If affidavit were made in Hinds County, and the writ of replevin issued to Hinds County, it could not be executed according to its command. The defendant might be summoned, but the action would fail, unless the goods were taken under the writ. They could not be taken under the writ in Hinds County, because not there. We conclude that replevin may be brought in the county in which the goods are found, without regard to the county of the residence of the defendant. A Circuit Court has power to issue process to any county in the State. A justice of the peace has such power only in those cases in which it is conferred expressly or by fair implication. No statute authorizes a justice of the peace to issue a summons for the defendant in the county of such justice, and a writ of replevin to another county.

*Judgment reversed and cause remanded.*