## MOSES ROSENBAUM *v.* DAVID H. CARLISLE.

LIENS. *Materials furnished. Owner and contractor. Code* 1892, § 2714.
No agreement between the owner and a building contractor, to which one who had furnished materials used in the erection of the buildings was not a party, can operate to release the owner from the demand of the material man, notice whereof in writing had been given him under code 1892, § 2714, while he was still indebted to the contractor in a sum sufficient to pay the same.

FROM the circuit court of Lauderdale county.

HON. GREEN B. HUDDLESTON, Judge.

Carlisle, the appellee, was plaintiff, and Rosenbaum, appellant, defendant, in the court below. The opinion states the controlling facts of the case.

*Miller & Baskin,* for appellant.

Our contention is that the material man, by virtue of § 2714, has no lien upon his lumber, but merely has a right to be sub-

rogated to the rights of the contractors and to recover from the owner that which is due from him to the contractors—in other words, to require the owner to pay whatever may be due the contractors to him, the material man, instead of to the contractors. *Van Clief* v. *Van Vechten,* 130 N. Y., 577 (29 N. E., 1017); *Beardsley* v. *Cook,* 143 N. Y., 150 (38 N. E., 109). The material man can only recover, as against the owner, when the contractors could recover against him; if the contractors could not sue and recover against the owner, then the material man cannot do so. In this case the right of the contractors was measured by the terms of the contract of November 2, 1898, and March 23, 1899. Before the contractors could recover under the contract of November 2, 1898, they would have to show that they completed the contract by building the two houses for the appellee, Moses Rosenbaum, as required by said contract. This they did not do, but abandoned the same, and hence gave up all rights under said contract.

The testimony shows that up to the time of the contract of March 23, 1899, Rosenbaum had paid to Wheeler & Watts, contractors, all that was due them. We contend, however, that appellee, Carlisle, could not recover any sum whatever from Rosenbaum until Rosenbaum had his contract carried out, to wit: the completion of the two houses for the sum of $3,000. Wheeler & Watts had a right to the $3,000 when the houses were completed, and not before, and Carlisle had a right to recover whatever might be due by Rosenbaum to Wheeler & Watts when he, Rosenbaum, received his houses completed as the contract required. It would not do to say that Rosenbaum must be compelled to accept his houses in an unfinished condition, in which condition they would be of no use to him, and then to pay all of Wheeler & Watts' debts that they had contracted for lumber that was in the houses or on the grounds to be put in the houses. Rosenbaum was in nowise responsible, by writing or otherwise, for the lumber that Wheeler & Watts bought to put into said houses; said material was sold alone

upon the credit of Wheeler & Watts, and the creditor therefore took the risk of getting his money for the lumber that he let Wheeler & Watts have. Carlisle sold to Wheeler & Watts his lumber on a credit. Rosenbaum was in nowise responsible for said lumber, except to the extent of any amount that might be due to Wheeler & Watts for building his houses, and, as they never built them, Rosenbaum was never liable to this extent.

We submit that if Wheeler & Watts had bought Carlisle's lumber and not paid for it, still they would have a right to sell it to Rosenbaum, or any one else, and Rosenbaum would have a right to buy it without having to pay the creditor of Wheeler & Watts for the same. In other words, Carlisle sold the lumber to Wheeler & Watts, and we know of no reason why Wheeler & Watts could not sell it to Rosenbaum, even though Wheeler & Watts had not paid Carlisle for said lumber. *Selleck* v. *Pollock*, 69 Miss., 877.

Another theory advocated by the appellee, Carlisle, in the court below was that Wheeler & Watts had a right to recover on an implied assumpsit for the amount of the work and the amount of the material they had when they abandoned the contract, and that Rosenbaum owed them upon this idea, and, as they, Wheeler & Watts, would have a right to recover the amount that their work was really worth, and also the amount that the labor was really worth, and both of which was more than they, the said Wheeler & Watts, had contracted for, that then Carlisle could recover. This, we submit, is untenable, because Wheeler & Watts could not recover on an implied contract, or upon a *quantum meruit*, because of the existence of the special contract of November 2, 1898; neither could Carlisle recover upon a *quantum meruit* in behalf of Wheeler & Watts, because of the express contract. In other words, recovery cannot be had upon a *quantum meruit* where there is a special contract. *Timberlake* v. *Thayer*, 71 Miss., 279; *Holmes* v. *Shands & Johnson*, 26 Miss., 641; *Shotwell & Mayrant* v. *Kilgore*, 26 Miss., 125.

Wheeler & Watts were, under the contract with appellant, as the owner of the property, to do the work and furnish the material, and in this event there is no liability on the part of the appellant, the owner of the property, but to the party with whom he contracted, Wheeler & Watts. Any implied liability that would arise generally from his receiving value from Carlisle, the party furnishing the material, is taken away by the special contract he has made, and especially by the special contract of Wheeler & Watts, by which they were to complete the buildings for Rosenbaum. Carlisle, with the knowledge of the contract between Rosenbaum and Wheeler & Watts, was under a contract alone with Wheeler & Watts to furnish the lumber, in which event he has no claim against the owner. *Holmes* v. *Shands & Johnson*, 26 Miss., 641; *Rodbourn* v. *Seneca Lake G. & W. Co.*, 67 N. Y., 215.

The court refused to instruct the jury that Rosenbaum had a right, on the inability of Wheeler & Watts to finish the contract, and on their abandonment of it, to take charge of and complete said buildings according to such contract and to pay whatever remained over and above the contract price. This was substantially the charge asked.

The court also refused to give the following instruction for the defendant: "The court instructs the jury for the defendant, that the agreement, as evidenced by contract dated March 23, 1899, was not such a rescission of the original contract of November 2, 1898, as entitled either Wheeler & Watts or D. H. Carlisle, their creditor, to demand or recover of the defendant, Rosenbaum, any sum unless the said buildings and the work should be reasonably completed for less than $3,000; and unless it has been shown to the jury, by a preponderance of the evidence, that said buildings and work were completed at a cost less than $3,000 reasonably expended, then they will find for the defendant." This was a manifest error. If the contractors did not complete the houses, but refused and failed so to do, there was nothing left for the owner except to complete it himself.

*Amis & Dunn,* for appellee.

We concede that upon the rescission of the contract Wheeler & Watts had the right to release Rosenbaum from the payment of anything which might be due them, after Carlisle's claim had been paid. But the effect of the notice served on Rosenbaum by Carlisle, before the rescission, was to transfer the indebtedness *pro tanto* of Rosenbaum to Wheeler & Watts to Carlisle, and nothing Wheeler & Watts could do could change the result. Wheeler & Watts could not have given Rosenbaum an acquittance as against Carlisle for value received after the notice had been served. This result follows from the very terms of the statute, § 2714, code of 1892.

CALHOON, J., delivered the opinion of the court.

Rosenbaum contracted with Wheeler & Watts to build for him two houses, they to furnish all the labor and materials, and he to pay them $3,000, but he was to pay them of this sum, at the end of each week, fifty per centum of the value of materials and labor used during that week in the construction, and to pay them the balance of the $3,000 on completion of the buildings. This contract was made on November 2, 1898, and the contractors proceeded with the work, buying some of the materials from the appellee, Carlisle, who gave written notice to Rosenbaum of the debt of the contractors, so as to bind what he might owe them.

On March 23, 1899, the contractors, Wheeler & Watts, finding themselves unable to complete the work, agreed with Rosenbaum to rescind, on the terms of mutual release of obligations, and a sale by them to him of all material then on the premises and not worked into the buildings, and that Rosenbaum should take the work in charge, complete it, and if there was any surplus of the $3,000 contract price he should pay Carlisle out of it. Rosenbaum did complete the work, but it cost him $1,000 over and above the contract price of $3,000. At the time of this agreement of rescission, some of Carlisle's

material had been used in the building, and some of it was on the premises, and afterwards used by Rosenbaum in completing the work. Carlisle sued Rosenbaum for the price of his material, and got a verdict and judgment for it, and Rosenbaum appeals.

Wheeler & Watts might, so far as they were concerned, release Rosenbaum at their pleasure, but they could not affect the status of Carlisle, fixed by his notice. The jury found that Rosenbaum owed the contractors to an amount equaling the price of the material, and we cannot disturb their verdict on the facts. Because Rosenbaum lost $1,000 on his contract, we sympathize with him. It was, however, his misfortune, and we cannot subscribe to his view that Carlisle had to wait the end and be paid only if there was a surplus, on completion, for his material used. Under this view he could not possibly be harmed by the instructions as given and refused.

*Affirmed.*