CHAMBERLIN-HUNT ACADEMY ET AL. *v.* PORT GIBSON BRICK
AND MANUFACTURING COMPANY.

1. CHANCERY PLEADINGS.   *Nonjoinder of party.   Supreme court practice.*

   The supreme court on appeal will disregard the nonjoinder of a
   necessary party to the suit where the same is not jurisdictional
   and was not complained of in the court below.

2. SAME.   *Facts averred in cross-bill.   Not denied in answer thereto.   Code*
   1892, § 5331.

   An independent fact, not mentioned in the bill, but alleged in a
   cross-bill and not denied by the answer thereto, will be taken as
   true on the hearing of the cause.

3. SAME.   *Attachment in chancery.   Code* 1892, §§ 486, 487.   *Personal
   decree.*

   There is no warrant for the rendition of a personal decree against
   the nonresident defendant to an attachment in chancery, under
   code 1892, §§ 486, 487, authorizing such suits to subject to the de-
   mands of the complainant the lands of such defendants and their
   effects in the hands of, or indebtedness due them by, residents of
   this state.

4. MATERIAL-MAN'S LIEN.   *Code* 1892, § 2714.   *Owner's indebtedness to
   contractor.   Notice.*

   A suit by one who has furnished to a contractor material used in
   the building of a house to enforce a material-man's lien, under
   code 1892, § 2714, authorizing such an action in a court of law, if
   maintainable in equity at all (not decided), cannot be maintained
   without showing that the owner of the building is indebted to the
   contractor or was indebted to him at the time of the service of
   the notice, provided by the statute to be given.

FROM the chancery court of Claiborne county.

HON. WILLIAM C. MARTIN, Chancellor.

The Port Gibson Brick and Manufacturing Company, ap-
pellee, was the complainant in the court below; the Chamberlin-
Hunt Academy and the Rothrock Construction Company, the

appellants, were defendants there.   The facts were as follows:
On the 2d of May, 1900, the Chamberlin-Hunt Academy
entered into a written contract with one, Samuel W. Rothrock,
a natural person, for the construction of a large building near
Port Gibson, by the terms of which Rothrock was to erect the
building, furnishing all of the material, free of cost to the
academy, and was to be paid in specified installments as the
work progressed.   Rothrock, however, bound himself to execute
a bond, in the sum of $15,000, with a guaranty company as
surety, payable to the academy, conditioned for the faithful
performance of his contract.

Rothrock failed to execute this bond, and because thereof,
on the 29th of August, 1900, the contract was amended by a
supplemental writing, by which the academy agreed to take
Rothrock's personal bond, and in consideration thereof the con-
tractor, Rothrock, agreed that the academy's trustees should
thereafter pay (out of the moneys that might, but for the sup-
plemental agreement, have become due him in the progress of
the construction of the building) bills for labor, materials and
other expenses therein until the completion of the work, and
nothing was to become due the contractor until all such bills
were paid by the academy, and then only the balance, if any,
beyond the amount of such bills that might remain of the con-
tract price in its hands.   It was further stipulated in the sup-
plemental contract that one McGraw should be superintendent
of the construction of the building until its completion, and all
payments were to be made only upon a certificate of the super-
intendent or the architect that the work was done according to
the specifications, and that in his judgment the payment was
properly due.

After this, during the month of September, 1900, and when
the supplement to the contract was in force, the Rothrock Con-
struction Company, a corporation, and not Samuel W. Roth-
rock, purchased bricks from the appellee, the Port Gibson
Brick and Manufacturing Company, for which it charged that

company something over $900, and these bricks were used in the construction of the academy's building.

On October 1, 1900, the Port Gibson Brick and Manufacturing Company, appellee, gave notice to the academy that the Rothrock Construction Company, the corporation, owed it $904.20 for bricks furnished them, meaning the corporation, and requested that funds in the hands of the academy's trustees, belonging to the corporation, be held subject to a lien, etc. This suit was brought to recover the sum for which the bricks were sold by complainant to the Rothrock Construction Company.

[As a matter of history it may not be amiss to say, as shown by the record, that the erection of the splendid building, costing $76,000, by Chamberlin-Hunt Academy, from which the controversy in this case arose, was rendered possible by the generous donation of $50,000 made to it by the late J. J. McComb, a philanthropist of Dobb's Ferry, New York. Mr. McComb was a native of Claiborne county, this state, and the building, standing at the place of his nativity, is a monument to his ability and benevolence.]

*McWillie & Thompson* and *J. McC. Marlin,* for appellant, Chamberlin-Hunt Academy.

Under its contract with Samuel W. Rothrock, the academy was not due, or legally liable to pay, Rothrock anything, or to pay others who had advanced him, even material for the building without the certificate of the superintendent or architect, required by the contract, that the payment was due. Rothrock, the contractor, with whom the contract was made, could not rightfully demand payment as for work done or materials without such a certificate. If the academy be not liable to Samuel W. Rothrock, it cannot be liable to his creditor (to say nothing of a creditor of the corporation, another person). By the contract the certificate of the superintendent or archi-

tect was absolutely necessary to impose liability to Rothrock, therefore it was necessary to impose liability to appellee, the brick company.

The academy, at the time of the service of the notice upon it (October 1, 1900) was not indebted to the contractor, or to any one else on account of said building enterprise. It never paid the contractor a dollar thereafter, and all that the academy ever paid to any one was paid on bills duly certified by the superintendent for labor upon and material placed in the building, and of course the payments were to people who certainly had equal rights to the fund with any appellee possessed. They in fact had superior rights since their claims were duly certified, and were thereby brought within the terms of the contract; and such payments by the academy exhausted the sum to be paid the contractor and left nothing to become due him, long before the building was completed. In short the academy did not owe the contractor when it was served with the notice, and never at any time thereafter owed him one cent; on the contrary, he is largely indebted to the academy. It must be remembered that under the contract, as amended, Rothrock assigned the funds, which otherwise might have accrued to him, to the parties who were to labor on and furnish materials for the building, and whose bills therefor should be certified by the superintendent or architect, and this made the academy liable to such persons; and of course when these bills were paid (as they were), to an extent equal to the full contract price, there could not remain any liability to Rothrock.

To sum it all up, the position of the parties, after August 29, when the supplemental contract became operative, was this: Rothrock was to build the house, furnishing all necessary labor and materials; the academy (not as provided in the original contract) was to make payments as the work progressed, not to Rothrock, the contractor, but to those parties (his assignees, in equity at least) from whom he obtained labor and materials,

and whose bills were duly certified as provided in the contract, and at the completion of the work it was to pay over to Rothrock whatever, if anything, remained of the contract price.

By the contract, the academy was liable to laborers and materialmen, whose bills were properly certified for the sums due them, and of course not liable to Rothrock for said sums.

Because of a disagreement the brick company was unable to have the account sued upon certified. It therefore, without the fault of the academy, was unable to bring itself within the terms of the contract which made the academy liable to it for the bricks (as upon a contract made with a third party for its benefit), and cannot hold the academy upon that contract. The bill proceeds upon a tacit admission of this. If it can recover at all therefore, it must do so upon the idea of enforcing a materialman's lien. Can it do this? Before discussing the question, let us call the court's attention to the fact that while the bill is based upon the materialman's lien idea, and is manifestly an effort to enforce such a lien, yet the chancery court, by its final decree, repudiated the idea of the complainant's counsel; it refused to enforce a lien; it did not adjudge the academy indebted to Rothrock or the Rothrock Construction Company, but rendered a personal decree for the amount of complainant's demand against the academy, Rothrock (who was not a party to the suit), and the Rothrock Construction Company, and this is the decree from which the appeal is taken.

Certainly this decree is erroneous. It could only be justified upon the idea that the academy was personally liable to the brick company, under the contract, since there is no pretense that the academy purchased the bricks. It was not so liable upon the contract, since in its modified form payments could be rightfully demanded of the academy only upon the certificate of the superintendent or architect, and the brick company never procured or presented such a certificate. The decree therefore will have to be reversed.

It will be remembered that Rothrock was continued as the

contractor after as well as before the modification of the agreement; that the academy was contracting for a building, and not for materials, upon the grounds or improperly placed in the walls. It became liable to pay only when the work was approved by the superintendent or architect. The modified contract made it liable to those who furnished labor and materials upon same conditions, when the work was approved and certificate furnished. The bills of materialmen and laborers could not be "O. K'd" (to use the language of the witnesses), or the requisite certificate furnished, until then, and without such certificate the academy was not liable to the contractor or to the laborers and materialmen. The only possible way in which, in the absence of a certificate, the academy could be held liable personally to the brick company would have to be based on evidence that it had fraudulently caused the certificate to be withheld. There is not one particle of such evidence in this case.

Now, let us enquire whether the academy can be subject to a lien in favor of the appellees, and this too on the real merits, aside from defects in the notice. Under code 1892, § 2714, a notice by a materialman to the owner only affects "the amount that may be due by such owner to the contractor," and it is "bound and liable in the hands of such owner for the payment of the sum so claimed" by the materialman. Manifestly if the contractor, Rothrock, could not recover of the owner, the academy, the brick company, cannot do so. That nothing was at any time due Rothrock from the academy is perfectly apparent from the record.

*J. McC. Martin,* for appellant, Rothrock Construction Company.

The Rothrock Construction Company insists that the decree appealed from should be reversed on the following grounds, all of which are clearly shown by the record to be well taken:

1. It does not owe appellee anything whatever, because the

appellee violated its contract with this appellant, thereby damaging appellant in an amount greater than the price or value of the bricks for which the suit was brought.

2. There is a fatal non-joinder of a necessary party to the suit; Samuel W. Rothrock should have been sued.

3. The Chamberlin-Hunt Academy is not indebted to appellant, Rothrock Construction Company, and was not indebted to it when the notice mentioned in the bill was served.

4. The academy is not, and was not, indebted to Samuel W. Rothrock when said notice was served.

*H. C. Mounger,* for appellee.

Appellee's suit was and is an attachment in chancery against the Rothrock Construction Company, a non-resident, and the Chamberlin-Hunt Academy, a resident, indebted to or having effects of the non-resident debtor in its hands; and the suit should be treated as having a double aspect, uniting to the attachment in chancery a demand for the enforcement of a materialman's lien, under code 1892, § 2714, against the academy and its building, in the construction of which appellee's bricks had been used, and of which demand the academy had been seasonably notified.

To this suit several pretended defenses were interposed, which we will notice and answer in their order:

1. It is claimed that the academy contracted with Samuel W. Rothrock, and if indebted to any one for the erection of its building, it is indebted to said Samuel, who is not a party to the suit, and that the defendant, Rothrock Construction Company, is a stranger to it. The answer to this is that courts are not to be ensnared and deceived by mere names or forms. The Rothrock Construction Company was and is a myth, a mere name assured by Samuel under which to carry out his contract with the academy. This is abundantly shown by the evidence; the chancellor so found, and this court, under well established rules of law, will not disturb his finding. The academy rec-

ognized its liability to the construction company by setting aside $1,000 with which to pay appellee's debt when served with notice that said company owed complainant, and that complainant would assert its rights as a materialman against the building and its owner. Samuel W. Rothrock, as the only person interested in the construction company, was a party to the suit when the construction company was sued; he may have been a party under a different name, but identity of name is not material.

2. It is said that the academy is not indebted to the construction company or Samuel W. Rothrock, and was not indebted to either when served with notice under code 1892, § 2714. To this we answer, That at the time the notice was served Rothrock (and he and the construction company are the same) had only been paid $1,125 of the $50,000 donated to the academy by Mr. McComb, the philanthropist, for the purpose of building the house, and that the academy received the balance of it, $4,875, before this suit was brought, and received it charged with the payment of all bills for labor on or material used in the construction of the house. The appellee's bricks were so used; the academy got the benefit of them, and in conscience and equity ought to pay for them.

3. It is said the appellee violated its contract, delivered inferior bricks, and when complaint of the quality of the brick was made, refused to further make delivery, whereby the construction company (Samuel W. Rothrock) was damaged to an amount exceeding complainant's debt. To this we make answer; the whole of it is denied, and is disproved. The chancellor resolved the questions of fact involved in the appellee's favor, and that too upon abundant evidence, and his findings should, and will, be respected in this court.

4. Much is said by adversary counsel about complainant's account for the brick not being approved, certified for payment, or "O. K'd" by the superintendent or architect. To this we answer, that our bricks were used, are now in the walls of

the academy's building, and that the superintendent wrongfully refused to give his certificate to the bill; the academy got the benefit of appellee's material, and ought not to escape payment on so flimsy a pretence.

In support of our views we cite the following authorities: 20 Am. & Eng. Enc. Law, 370; *Ib.*, 371; *Dollman* v. *Moore*, 70 Miss., 267; *Gordon* v. *Wakefield*, 74 Miss., 557; *Rosebaum* v. *Carlisle*, 78 Miss., 882; *Red, etc., Co.* v. *Congregation*, 7 N. Dak., 46, s.c., 73 N. W., 203; 20 Am. & Eng. Enc. Law, 507; *Esslinger* v. *Huebner*, 22 Wis., 602; 7 Am. & Eng. Enc. Law (2d ed.), 106; *St. Louis* v. *Von Phul*, 133 Mo., 561, s.c., 43 S. W., 844; *Devers* v. *Howard* (Mo.), 46 S. W., 625; *Morrell* v. *Skinner*, 57 Neb., 164, s.c., 77 N. W., 375; *Collins* v. *Money*, 4 How. (Miss.), 11.

CALHOON, J., delivered the opinion of the court.

This is a proceeding by attachment in chancery instituted by appellee, a brick manufacturing company, against the appellants, the Rothrock Construction Company, a non-resident, and the Chamberlin-Hunt Academy. Its purpose was to subject a debt averred to be owing from the academy to the construction company to the satisfaction of its claim for about $900 against the non-resident construction company, under the provisions of code, §§ 486, 487. The proof showed that the academy never had any contract whatever with the Rothrock Construction Company, an incorporated concern of New York, and never owed it anything. The academy did have a contract with one, Samuel W. Rothrock, who is not made a party, although necessary to the full and complete protection of the academy; and yet the final decree in the cause is simply a personal decree for money, and against the construction company and Samuel W. Rothrock and the academy. We disregard the non-joinder of Samuel W. Rothrock, because not complained of in the pleadings. The proceeding is purely statutory, and there is power only, under code, §§ 486, 487,

to subject the indebtedness, and there is no warrant for personal decree. Even in proceedings to foreclose a mortgage there could be no personal decree for the balance unsatisfied from the proceeds of the sale of the mortgaged property, but for a statute authorizing it. There is no statute authorizing such decree in cases of foreign attachment in chancery, as this case is.

We do not decide now whether the lien of mechanics and materialmen can be enforced except by the machinery prescribed by chapter 77, code 1892, and in the circuit court only, by § 2702, which machinery is full and ample for all purposes as to residents and non-residents. We do not find that this question is yet decided in our courts, and it is not touched by *Otley* v. *Haviland,* 36 Miss., 19, or by *Watkins* v. *Owens,* 47 Miss., 593. The trouble in the case before us is that complainant was under the necessity to prove that the academy owed the non-resident, and has not done so. There is not even proof that it owed Samuel W. Rothrock. In fact, the only evidence is to the contrary.

<em>The case is reversed and remanded.</em>

Suggestion of error: After the delivery of the foregoing opinion, *H. C. Mounger,* counsel for appellee, filed a suggestion of error, making the following points:

(1) The court overlooks the contention, supported by evidence, that there was no such corporation as the Rothrock Construction Company.

(2) The court also seems to have overlooked the fact that complainant sued by the name under which the contract was made—the Rothrock Construction Company; that, if there was any such corporation, S. W. Rothrock was acting as agent in getting the contract; that the Rothrock Construction Company was engaged in the erection of the buildings; and that the academy paid all bills, which were made out against the Rothrock Construction Company. The chancellor took the view that

the name Rothrock Construction Company was merely a fictitious name.

(3) The proceeding is not purely statutory, for while it asks for the fixing of the money due under code, §§ 486, 487, 2714 (not § 2702, as the court thinks), it also askes the benefit of the two contracts which were made by the academy with the construction company, or Rothrock, as a third party beneficially interested, although not a party.

(4) As far as the statutory part of the proceeding is concerned, the court seems to have overlooked that the proceeding is founded on § 2714 of the Code, for the protection of materialmen.

(5) Section 2714 does provide for a personal judgment, and appellee was entitled and got judgment against the academy. A judgment against the construction company or Rothrock did not amount to anything. Appellee is entitled to a judgment or decree for the amount of the indebtedness due from the academy to the construction company or Rothrock, whichever name he sails under.

(6) Will the court please read § 2714 particulary with this case in view? Section 2702 was not the foundation of this suit.

(7) Section 2714 is not confined to circuit courts. It does not mention circuit court; it merely uses the words "suit" and "court."

(8) The court seems to have overlooked *Dollman* v. *Moore,* 70 Miss., 267 12 So., 23) ; 19 L. R. A., 222, where there was a proceeding precisely like this. We would like for the court to examine the case.

(9) The evidence and pleadings show that there was the sum of $50,000 donated by Mr. McComb to the Chamberlin-Hunt Academy to build a school building; that Rothrock could not make his bond, and Mr. McComb had the academy to enter into a second contract with him, by which it was provided that no money should be paid to Rothrock until all ma-

terial and labor should be paid for out of this $50,000; that this donation was given on this condition, and under these express terms, and this was the express contract between the academy and Rothrock, and we claim that we are entitled to the benefit of it.    7 Am. & Eng. Enc. Law, p. 106, *et seq.,* and authorities cited in my brief.    At the time the notice was served on the academy only about $1,100 of this $50,000 had been paid to Rothrock.    As for the contention that there was nothing due, see *Rosenbaum* v. *Carlisle,* 78 Miss., 882 (29 So., 517).    This court seems to have overlooked the fact that appellee's brick were put in the building, and appellee has never been paid for them.    We do not see how appellants can get goods, use them, and not pay for them.

The court made the following response to the suggestion of error:

CALHOON, J., delivered the opinion of the court in response to the suggestion of error:

The fourth clause of the answer of the Rothrock Construction Company, which answer is made a cross-bill, avers that "said company is an incorporated company under the laws of the state of New York, and not a copartnership."    The answer of the Port Gibson Brick and Manufacturing Company to this cross-bill does not deny the averment, and so it follows, on elementary principles, that it must be taken to be incorporated. It is clearly manifest from this record that the academy contracted with Samuel W. Rothrock by name as an individual. The written contract itself shows this, and it nowhere appears that it made any contract with him as agent, or had any sort of notice of any agency. Upon a breach of the contract, no one could contend that the academy could hold anybody liable but Samuel W. Rothrock.    This would be true if the construction company was in fact a simple partnership, and Samuel W. Rothrock a partner, because the contract was with the individual.

In proceedings simply to enforce the liens of mechanics and materialmen under code, ch. 77, in the circuit court, it is provided that personal judgment may go for the debt ascertained. The opinion expressly declines to hold that such proceedings must be in the circuit court, and need not have referred to it except to show that the personal judgment feature could not apply in a case like that before us, which is not a proceeding to enforce such a lien, but is purely and simply one to subject a debt by foreign attachment in chancery under § 486. It is this, and nothing more, and correctly stated to be such in the beginning of counsel's statement of facts, and again in the very first clause of his written argument. In such cases we adhere to the opinion that a personal decree is not warranted as against the foreign debtor. This conclusion is not affected by *Dollman* v. *Moore,* 70 Miss., 270 (12 So., 23), 19 L. R. A., 222. No such decree appears in that case, nor was any such prayed for in the bill. On the contrary, the prayer was for decree that the home debtor pay complainant the amount of the debt due from him to the nonresident out of the funds in his hands due to the nonresident. If no such debt be owing the nonresident, there ends the jurisdiction under the foreign attachment statute, of course. We had not overlooked the case of *Dollman* v. *Moore,* as counsel thinks, nor did we fail to read his brief, as he seems to apprehend. We read the whole of the seventy-five pages of it with care and interest. Neither did we overlook the plain fact that the brick went into the academy's building, but we cannot see how this can make the academy liable if it owed the contractor nothing when notified of appellee's claim. There is no hint in the evidence that the academy ever paid a bill not approved by the superintendent, as stipulated in its contract with Samuel W. Rothrock. If it did, it would be liable to Mr. Rothrock for any resultant hurt. In this record the account is not so approved, and yet the superintendent is not made a party to be compelled to approve, and Samuel W. Rothrock, the contractor, is not made a

party. It is hard to see how the academy would be protected if it paid under the decree below. The fact of the donation by the capitalist cannot affect the situation. *Rosenbaum* v. *Carlisle,* 78 Miss., 882 (29 So., 517), is not at all in point here. Of course, a change of agreement between the owner and contractor could not affect rights previously fixed by notice. There is no such case here. We have been thus full out of deference to counsel.

*Suggestion of error overruled.*