WILLIAM M. POLLARD ET AL. v. CHARLES C. PHALEN ET. AL.

[53 South. 453.]

CHANCERY PLEADINGS AND PRACTICE.    *Venue.    Code* 1906, § 561.    *Suits respecting personal property.*

Under Code 1906, § 561, regulating the venue of suits in the chancery court, a suit respecting personal property must be brought in the county where the property is located.

FROM the chancery court of Holmes county.

HON. JAMES F. McCOOL, Chancellor.

Phalen and others, appellees, were complainants in the court below; Pollard and others, appellants, were defendants there. From a decree overruling the defendants' demurrer to the bill of complaint defendants appealed to the supreme court.

The object of the suit was to have the complainants adjudged entitled, by subrogation, to the rights of a seller, upon credit, of personal property (given a lien by Code 1906, § 3079) and to have these rights decreed

to be superior to the lien of a chattel mortgage upon the property executed by the buyer to a third person. One of the defendants resided in the county where the suit was instituted, but the personal property was shown by the bill to be located in a county other than the one in which the suit was brought.

*Tackett & Elmore,* for appellants.

The bill cannot be sustained on the ground that complainants are subrogated to the rights of the original vendor, Pollard.

(a) The allegations of the bill do not show that Pollard was paid this money. Paragraph IV of the bill which deals with this phase of the matter is as follows:

"Complainants would further show that they have been advised since the payment of said note that said Will Meek did not in fact own said original purchase money note, and that said sum of money received by him from the complainant, C. C. Phalen, was paid by him at once, to defendant Gadberry and defendant Gadberry immediately paid same to defendant W. R. Pollard, the real holder and owner of said original promissory note."

This paragraph charges nothing and is nothing except a statement of what complainants "have been advised." The first part of paragraph VII of the bill where it is alleged that the deed of trust was void "as against complainants who paid the purchase money for the property in controversy to defendant Pollard," does not, as we believe, when it is construed with paragraph IV, mean that complainants actually paid the money to Pollard in fact; but is complainant's construction of the legal effect of what they "have been advised" as set forth in paragraph IV.

The language of the bill is to be construed most strongly against complainants.

(b)   But if the bill had charged that the money had been actually received by Pollard, the bill would not be sufficient basis for a decree of subrogation against Pollard.

At the most complainants' right as subrogated would be no greater than Pollard's; and Pollard, would have had no common law lien, but at most simply the right to acquire a statutory lien against the mare. Secs. 3079, 3080, Code 1906; *Frank* v. *Robinson,* 65 Miss. 163; *Goodbar* v. *Knight,* 89 Miss. 124; *Quillin* v. *Paine,* 94 Miss. 696.

Chapter 83 of the Code provides how the vendor's lien is to be acquired and enforced. The right is of statutory creation and to be availed of, the statutory requirements, which apply to both seller and seller's assigns, must certainly be substantially complied with.

Paragraph VI of the bill shows that the property was situated in Carroll county and that defendant, J. M. Shute, who the bill shows was a resident of Carroll county and who was served with process in that county. Defendant Attneave, as shown by the bill is a resident of Carroll county and he also was served with process there. The chancery court of Holmes county would have no jurisdiction.

*Boothe & Pepper,* for appellees.

Counsel for appellants contend that "At the most complainants' rights as subrogees would be no greater than Pollard's; and Pollard would have had no common law lien but at most the right to acquire a statutory lien against the mare."

We respectively insist, that Code 1906, § 3079 gives "the vendor of personal property" "a lien thereon for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him with notice that the purchase money was unpaid."

And the bill shows on its face, that all of the parties in interest had notice that the purchase money had not been paid to Pollard, and that the landlord of the purchaser from Pollard, paid the purchase money shortly after it was due for his tenant.

The case of *Frank* v. *Robinson,* 65 Miss. 163, and *Goodbar* v. *Knight,* 89 Miss. 124, cited by counsel for appellants, are not in point. The case of *Quillan* v. *Paine,* 94 Miss. 696, recognizes the lien of the seller of personal property under a state of facts similar to that disclosed by appellee's bill, and his right to enforce same.

Chapter 83 of the Code provides how a vendor's lien is to be enforced but not a syllable as to its acquirement. By virtue of a certain state of facts the lien arises, and it exists by operation of law.

We know of no proceedings necessary at law or in equity, to acquire the lien to which appellees are subrogated. However, a chancery court when it takes jurisdiction will enforce a legal, as well as an equitable lien; a legal, as well as an equitable right. While the bill may not aver in so many words that the mare was liable for Pollard's debt, it shows a state of facts stronger than a simple conclusion or averment, that she was liable.

MAYES, C. J., delivered the opinion of the court.

This suit was brought in the wrong county, and the demurrer, on this ground, even if there was no other, ought to have been sustained and the bill dismissed. The suit is "respecting personal property" situated in Carroll county, and by virtue of section 561, Code 1906, should have been brought in that county. Having said this much, and because the case must be reversed and bill dismissed on the above ground, we proceed to say that the court should also have sustained the demurrer and dismissed the bill of complaint, because there is a complete and adequate remedy at law.

Without prejudice to the parties complainant to proceed in the right way, the decree is reversed, and bill dismissed.                              *Reversed.*