SHOEMAKE v. FEDERAL CREDIT CO., INC.

(In Banc. Jan. 2, 1940.)

[192 So. 561. No. 33758.]

684

Hugh McIntosh, Jr., of Collins, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

**Smith, C. J.**, delivered the opinion of the court on suggestion of error.

The judgment of the court below was reversed on a former day, but on the coming in of a suggestion of error, that judgment was set aside, the opinion then rendered was withdrawn and the case was submitted to the Court in banc. The record discloses that Hurst purchased an automobile from the Cooley Motor Company on credit, executing several promissory notes therefor; the seller reserving title therein to the automobile until the notes were paid, with the right to repossess it on the failure of Hurst to pay the notes executed therefor. Hurst having failed to pay these notes, the appellee, the owner of the notes, sued him in replevin and obtained a judgment against him for the possession of the automobile. While the case was pending, Shoemake filed an affidavit with the clerk of the court alleging that he had a mechanics' lien on the automobile for $66.85 for having repaired it at the instance of Hurst. The prayer of the affidavit was for a "judgment in replevin under his claimants affidavit in the sum of $66.85, against the property replevied and against all bonds, the plaintiff and the defendant in the aforesaid sum, and that his claimant's affidavit be heard, and that he be dismissed without costs."

A motion by the appellee to strike this affidavit from the record was sustained. This motion alleges: "1. That the claim is for $66.85 and is for asserted unpaid repair bill for repairs of property not in possession of claimant and that said claim can not be asserted in this replevin suit. 2. That the legal rights of the claimant, if any, must be asserted in a purchase money lien suit and for the reason that the possession of the property was lost to claimant and under the law, the lienor can have no rights other than those asserted in cases in liens for purchase money of goods."

These allegations of the motion were not denied, and the return of the officer on the writ of replevin shows that the automobile when seized by him was in Hurst's possession. Replevin is a possessory action, its gist being the right to immediate possession of property, Sec. 3079, Code of 1930, and in this State, except in cases of distress for rent, it applies only when authorized by a statute. Wheelock v. Cozzens, 6 How. 279. "The action of replevin is sui generis and governed by its own provisions, as found in the Code." Ellison v. Lewis, 57 Miss. 588. Intervention in an action at law by a third person not a party thereto was unknown to the common law, and is permissible only when authorized by a statute. Hyman v. Cameron, 46 Miss. 725; Crystal Springs Bank v. New Orleans Cattle Loan Co., 132 Miss. 52, 95 So. 520.

The question for decision then is, does Sec. 3102, Code of 1930, permit the intervention into this action of replevin here sought? That statute provides: "If a third person, not a party to the action of replevin, shall claim to be the owner or entitled to the possession of goods or chattels taken under a writ of replevin, he shall not be allowed to institute another action of replevin while the former is pending; but may make oath of his claim and file it with the officer taking the property, or, if he have delivered it to either of the parties, with the clerk of the court or justice of the peace," etc. Section 3103 et seq. provides that, after trial of the action of replevin, an issue shall be made up between the successful party and the claimant as to the validity of his claim, and the trial thereof shall be had and a judgment rendered accordingly. Except for Sec. 3102 of the Code, no intervention at all would be permissible in an action of replevin. The intervention which that section permits is to a person who "shall claim to be the owner or entitled to the possession of goods or chattels taken under a writ

of replevin." The intervenor therefore must be a person who, under Sec. 3079 of the Code, could have himself instituted the action of replevin. The affidavit on which the appellant sought here to intervene does not allege that he is the owner of the automobile or entitled to the possession thereof but that he has a mechanics lien thereon, and prays that his lien be enforced "against the property replevied and against all bonds."

Under Sec. 2255, a mechanic has a lien on personal property repaired by him for another, and if the property is in his possession he may retain it until his charges for making the repairs have been paid, and after thirty days, without the payment thereof, may institute a suit to condemn the property therefor. Under Sec. 2257, should he part with the possession of the property, his lien thereon shall be enforced, as provided in Sec. 2243 et seq., not by regaining possession of the property but by obtaining its condemnation and sale for the payment of the charges due for repairing it. If this automobile had been wrongfully taken from the appellant's possession, he would not thereby have lost his right to its possession and would then have come within Sec. 3102. Having parted with the possession of the automobile, he simply has a lien thereon enforceable by an action at law for its sale and the application of the proceeds thereon to the payment of the charges due him for repairing it.

But, it is said that we should construe Sec. 3102 liberally and hold that one, neither the owner of, nor entitled to, possession of the property replevied but having a nonpossessory lien thereon, is entitled to intervene and claim the property. To so hold would not be to construe the statute, but under the guise of construction to amend it by adding thereto after the words "entitled to the possession of" the words "or to have a lien on;" thereby making that clause of the section read as follows: "shall claim to be the owner or entitled to the possession of, or

to have a lien on goods or chattels taken under a writ of replevin,'' etc. Further amendments by construction would then have to be made in the sections, prescribing character and form of judgments to be rendered in an action of replevin. The words ''shall claim to be the owner or entitled to the possession of goods or chattels taken under a writ of replevin'' are plain and unambiguous, and when such is the case, there is no occasion for construction, but they should be given effect according to their plain and obvious meaning.

That the lien here involved is a mechanic's lien furnishes no justification for giving Sec. 3102 a meaning not in accord with that of its words and what we are here considering—the right of one having a lien on property replevied but not the right to possession thereof to intervene in an action of replevin,—applies not only to mechanics' liens but to all non-possessory liens on personal property.

But, it is said that authority elsewhere permits the intervention of a lienor in an action of replevin, 54 C. J. 464, and Cobbey on Replevin (2 Ed.), Sec. 444. So does our statute when the lienor is entitled to the possession of the property, and, as hereinbefore pointed out, with us the right to intervention exists when, but not unless, conferred by statute, and the action of replevin is governed by the sections of the code dealing therewith. If, therefore, the statutes of other states, or the common law thereof, permits an intervention of the character here under consideration, that fact would not be of any consequence here. It would be of value only to the Legislature in determining whether to amend the statute so as to permit this character of an intervention.

An examination of 54 C. J. 464, in connection with the subject of Parties in 47 C. J., Secs. 185-226, referred to in Note 10 to 54 C. J. 464, Sec. 93, will disclose that a lienor will not be permitted to intervene in an action at law

unless he brings "himself within the terms of the applicable statutes or within rules of law defining the right to intervene," 47 C. J. 106, Sec. 204. An examination of the cases cited in the sections of Corpus Juris and Cobbey on Replevin hereinbefore set forth will also disclose that the courts in deciding them did not intend to violate this rule.

The foregoing being the views of three members of the court, Judges McGehee, McGowen and Smith. The judgment of the court below must be and is affirmed.

DISSENTING OPINION.

**Griffith, J.,** delivered a dissenting opinion.

The question is whether a strict and literal construction shall be given to Section 3102, Code 1930, and whether only a third person who literally and strictly "shall claim to be the owner or entitled to the possession of goods or chattels taken under a writ of replevin" may be allowed to intervene; and whether so even as to a mechanic who has a claim admittedly superior to either of the original parties to the action.

It is easier, of course, to decide cases and to write opinions by floating down stream, in a course of least resistance, upon the restful support of a literal interpretation. But our books are full of cases where the Court has looked beyond the mere letter of statutes and has administered them according to the justice of their purpose; and so far as the claims and right of mechanics are concerned, it has been a consistent part of the established jurisprudence of this State, beginning as far back as Buck v. Brian, 2 How. 874, decided a hundred years ago, that the claims of mechanics shall be favored in the law and that courts shall give statutes a free, and not a strict or literal, interpretation in their favor,—that statutes

ought to be interpreted in the spirit of giving full protection to the laborer rather than to postpone him while others, inferior in actual right, are being first served.

Undoubtedly any person who holds a chattel mortgage or other lien which upon condition broken gives him the right of possession would have the right to intervene, although his possession would not be as owner but only as holder for the security of his debt. Such a person would have no right to use the property, but only the right to dispose of it or have it disposed of to make out of it the money due him, the disposition to be in such manner as shall take care in respect to the equitable rights of the opposite party. Such a person upon condition broken may replevy the property, but his right remains only that of a mortgagee or lien holder, the property to be dealt with only in accordance with that interest. Such a lien holder has the right to have the property taken by the sheriff under a writ of replevin, and when so taken, it is for the benefit of the lien holder as such, not as owner.

Likewise a mechanic who has repaired a chattel has the right to enforce his lien by a proceeding under Section 2243 et seq., Code 1930, which confers upon him the right to have the property taken by the sheriff under the writ there provided; and when so taken, it is for the benefit of the lien holder as such, not as owner. And in either case under Section 2251, the defendant or the lien holder may give bond and take possession under such bond, precisely as is done in replevin cases; and the disposition when bond is given, is as is provided for in like cases in replevin.

Since, therefore, the lien holder, whether he be a mortgagee, or the vendor in a conditional sales contract, or a mechanic who has made essential repairs on the chattel, has the right to have the property taken into the possession of the sheriff, this possession to be for the benefit of

the lien holder, not as owner but for the making of his debt out of the property; and when possession is so taken by the sheriff the lien holder, whether a mortgagee, or the vendor in a conditional sales contract, or a mechanic who has made essential repairs may bond the property and take it into his possession—the rights of the parties when the sheriff has taken possession become the same, which is to say, the property is held for the benefit of the lien holder and out of which to make the lien holder's money.

In this case the sheriff had taken the property, and when he took it the object of the proceedings was to make the money alleged to be due the conditional sales lien holder. The mechanic asserting a superior lien and the right to make his money out of the same property seeks to intervene. The property having then been brought into the charge of the law, what real reason is there to talk of possession, when the only purpose which possession is then to serve is the purpose to make the lien holder's money out of the property, and why shall the intervenor who has the superior lien be turned out while those inferior to him shall go hence with the property?

The mechanic may not, strictly or literally speaking, be entitled to the possession of the property, but he has the right to have the sheriff take possession of it for his benefit, and that benefit is to have his money made out of it. And that is all the benefit any other lien holder has in the property, even including the vendor in a conditional sales contract, and is all he can get out of it even when he has actual possession.

It is, therefore, within the substance of the statute to say that a person, for the purposes of intervention, has a right to possession when he has the right to have the possession taken by an agent, designated by law, for him; and this would align this Court with what appears to be

the unanimous voice of all the texts on the subject that the holder of a superior lien has the right to intervene in replevin and especially should this be sought to be done when a cumbersome and expensive circuity of action is thereby avoided, to say nothing of cases which otherwise could be so manipulated as to defeat the mechanic entirely, so far as any substantial results to him would be concerned.

It is a well settled rule of the common law that chattels in the custody of the law, unless under a void procedure, cannot be taken from that custody by a proceeding in some other case brought by a third party. If, then, the mechanic could not proceed to have the sheriff take the property in a suit instituted by the mechanic, when the property is already in custodia legis, the original parties to the replevin suit could refuse to bond, and, by agreement between themselves, could delay the final determination of that suit and keep the mechanic waiting indefinitely, or else he could have to resort to equity, and there he would be met with the question of jurisdiction which is raised in Academy, Chamberlin, Hunt v. Port Gibson Co., 80 Miss. 517, 526, 32 So. 116, 484 and Pollard v. Phalen, 98 Miss. 155, 158, 53 So. 453.

The strict or literal interpretation to which the affirming judges are adhering, instead of favoring the mechanic, as our jurisprudence requires, results in his distinct, and in some case in his disastrous, disfavor. Instead of so doing the statute should be so interpreted as to bring him within the meaning of the possessory provision of Section 3102. Although he may have parted with actual possession, his lien is retained, Section 2257, Code of 1930, and, as already mentioned, this lien gives him the right to have the sheriff take possession for his benefit under Section 2243 et seq., Code 1930, whereupon his rights would be precisely the same as had he never surren-

dered actual possession. See Section 2255, Code of 1930.

It is said however, that the form of judgment prescribed by Section 3104, Code 1930, is unsuited to an intervenor such as a mechanic. It is pointed out that the judgment prescribed in that section in the event that the third party is successful in maintaining the issue in his behalf, is that he recover possession of the property, or on the bond if the property had been bonded; while the right given to a mechanic is not to receive the property itself, but only that the sheriff shall have it for him and to have an order for the payment of the amount due him and for a sale of the property to make the amount.

There is no difficulty there on account of the power of the court to enter the proper judgment, the rule being that when a particular court has been given jurisdiction in any particular proceeding to adjudicate the substantive merits of any particular propounded claim, there goes with this jurisdiction, as a necessary incident to its exercise, the power to pronounce and enter the judgment which will correspond to the merits of the right so adjudicated, and that any form laid down for the judgment must be considered as advisory or directory and not as absolute or mandatory. Moreover, the broad and inclusive provisions of Sections 605 and 606, Code 1930, as to the entry of such judgments as may be necessary to the adjustment of the rights of the parties litigant furnish a sufficient answer to the contention about the mere form of the judgment.

The difficulty on account of the language of Section 3104 is that it gives weight to the consideration that it was contemplated by the replevin statutes that only persons entitled to take the property into their actual possession should come within those statutes. But we have already pointed out that lien holders entitled to possession after condition broken are within these sta-

tutes, although their possession is not as owners but as security holders, and that all they can do with the property when possession is delivered to them is to sell it in a fair manner at a fair price, first to pay themselves and the balance to the opposite party. The only difference then between the lien holders mentioned and the holder of the mechanic's lien is that in the former the lien holder makes the sale for the benefit of the parties, while in the latter the sheriff makes the sale for the benefit of the parties, a difference which may be of interest to legal analysis but which ought not to be considered of sufficient substance to make it of controlling weight in the practical and prompt administration of justice. As against any such a thin and insubstantial difference, we should recur to the settled policy already mentioned, that mechanics are favored in the law, and that courts will give statutes a free interpretation in favor of the laborer, and to the policy evidenced in our entire statutory system, that immediately related controversies should be settled in one action or suit whenever reasonably practical so to do, and without needless and needlessly expensive circuity.

**Anderson, J.,** and **Ethridge, P. J.,** concur herein.