MARTHA A. WATKINS et al. v. ADDIE T. OWENS et al.

1. CHANCERY COURT—JURISDICTION.—A court of equity will enforce, and is the proper forum in which to assert, the rights of one who owns buildings and improvements situated on the lands of another.   Otley v. Haviland, Clarke & Co., 26 Miss. 19, cited and approved.

APPEAL from the chancery court of Lowndes county. LYON, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*J. E. Leigh* and *Meek & Sims,* for appellants.

1. The causes of demurrer are apparent upon the face of the bill. The bill does not allege any fraud in regard to the cancellation of the deed of trust, and the evidence of indebtedness thereby secured; and, of course, without such allegation, it will be presumed that the same was legally cancelled. Story Eq. Pl., §§ 257, 260. It follows, therefore, that the complainants have suffered no wrong which has not been remedied. Pamphlet Acts of 1859, p. 415; Heard v. Beard, 40 Miss. 798; Summers et al. v. Roos, 42 ib. 749.

2. The bill alleges a sale by the trustee, and a purchase of the property at the sale by the complainant, and a bill of sale duly executed to the purchaser, but fails to show any legal hindrance to a full and complete enjoyment of the property thereby. If the complainants have suffered any injury, or been deprived of any right in this respect, the bill fails to show it. It will, therefore, be presumed that complainants have not suffered beyond the allegations of the bill. Story Eq. Pl., §§ 257, 260. The bill does aver an ownership of the land in Mrs. Watkins, and a purchase of the buildings at a trustee's sale by the complainants. If the buildings were erected on the land without the consent

of Mrs. Watkins, they belong to her, for a severance of the right to the tenements from the ownership of the soil cannot arise from implication of law, but must be by contract, and with the consent of the owner of the soil. Stillman v. Hamer, 7 How. (Miss.) 451; 8 S. & M. 451; 2 Kent's Com. 345. But if the complainants say that Mrs. Watkins did consent to sell the buildings, then the right to move them is a necessary incident to such consent. Wells v. Bannister, 4 Mass. 515; Stillman v. Hamer, 7 How. (Miss.) 743; Osgood v. Howard, 6 Greenl. 404; Russell v. Richards, 1 Fairf. 429.

3. If complainants have suffered any wrong at all, they have an ample remedy at law. Rev. Code of 1857, p. 349, art. 3. The remedy by unlawful detainer applies to all cases where the possession of lands and tenements is sought as between landlord and tenant, vendor and vendee, and those claiming under them. 23 Miss. 106–121; 3 Mon. (Ky.) 150; 4 Rand. 468; Walk. 265; 10 S. & M. 446. If there be a remedy at law, a party cannot seek the intervention of a court of equity. 36 Miss. 19; 43 ib. 728, 752; Story Eq. Pl. 473. But if complainants say their title is involved, then their remedy is by an action of ejectment. Rev. Code of 1857, p. 387; 6 S. & M. 111. If they claim that they neither seek the possession of tenements, nor claim that the title is involved, but aver a wrongful conversion of the property by appellants, then trover will be the remedy. 7 How. (Miss.) 423. If they merely seek discovery, their bill is demurrable, for it prays for a sale as well as for discovery. Even if the facts would entitle them to discovery, they would not be entitled to the relief prayed for. Story Eq. Pl., § 476.

4. The bill is multifarious. There are two distinct and different demands against two different persons, who are in nowise connected by the bill, and are improperly joined in the same record. Story Eq. Pl.

271–278, and cases cited in notes; Saxton v. Davis, 18 Ves. 72.

5. The bill alleges a legal right to the possession of the property sought to be subjected to the secret lien of the complainants, but avers that possession is not in the complainant, nor has it ever been, and yet the bill fails to charge privity or notice on the defendants, but still seeks to collect rents, etc. The bill prays that an account be taken, without charging any facts to enable a court of equity to interfere or assist in a settlement. It does not appear that complainants are entitled to the rents and profits. Mrs. Watkins is entitled to the rents and profits, use, etc., until the foreclosure of the deed of trust. 1 S. & M. Ch. 404; 4 S. & M. 300; 23 Miss. 316; 36 ib. 39; 43 ib. 523; Story Eq. Jur., §§ 105, 106; 5 Conn. 135; 3 Johns. Ch. 135.

The rents and profits cannot be collected prior to an order of sequestration. The mortgagor in possession is entitled to the same. 4 Rand. 476; 2 Gratt. 291. Since no notice of complainants' claim is averred in the bill, it must be presumed that defendants had no notice. Story Eq. Pl., §§ 257, 260; 1 S. & M. Ch. 539. This sale being of tenements, the deed from the trustee should have been recorded, else it is void as to purchasers without notice. Rev. Code of 1857, p. 309, art. 19; 1 S. & M. 48, 112; Freem. Ch. 85; 6 How. (Miss.) 382, 389. Constructive notice must be shown. 1 S. & M. 351; 6 Munf. 42, 351, 354; 5 ib. 257; 2 ib. 314; 6 Leigh. 576, 580; 5 Cal. 537; 1 Wash. (Va.) 336.

A purchaser with notice is postponed, because it would be a fraud; but, in order to fix such notice, the proof must be clear. Story Eq. Pl., §§ 262, 263; 6 Munf. 42. An account is asked to be taken. Before that prayer can be granted, the complainant must elect between the rents and the profits; she cannot have both. 33 Miss. 95.

*Humphries & Sykes* and *J. D. Freeman*, for appellees.

1. The separate demurrer of Martha A. Watkins, and the joint demurrer of C. L. and A. R. Porter, is to the whole bill of complaint, and yet only reaches to or answers particular allegations thereof, and leaves the material allegations of the bill unanswered. If the defendant demurs to the whole bill, and still his demurrer applies to only a part, the demurrer will be overruled. Marye v. Dyche et al. 42 Miss. 347; Story Eq. Pl., §§ 400, 443; Mitf. Eq. Pl. 123, 252, 253; 5 Johns. Ch. 184; Todd v. Gee, 17 Ves. 280; Graves v. White, 27 Miss. 419, 423; Loubè Eq. 255.

2. When a bill, as in the present case, charges collusion and fraud, a demurrer to the whole bill will be overruled. Such allegation would give the court jurisdiction of the cause, and it must be answered otherwise than by demurrer. Carter v. Longwood, 4 Ohio, 836; Harrison v. Field, 41 Miss. 712. It is not sufficient to deny fraud generally, but every circumstance from which fraud may be inferred must be negatived. Gray v. Regan, 213 Miss. 304. The demurrer can not be sustained; for if there is one good cause alleged in the bill, the demurrer to the whole bill will be overruled. Bleeker et ux v. Bingham, 3 Paige, 246, 256; Monton v. Grenada, 8 S. & M. 773, 778; Pheasants v. Glasscock, 1 S. & M. Ch. 17, 23, 24; Vauck v. Smith, 5 Paige, 137, 160, 161.

TARBELL, J.:

Martha A. Watkins was the owner of a certain tract of land in Columbus, Lowndes county, Mississippi, and she and James H. Turner were the joint owners of the buildings, storehouses, etc., on said tract of land, and were partners in business conducted in the said buildings, under the firm name of James H. Turner & Co. Some time in 1868 this firm was dissolved, Turner disposing of his interest in the business and in the buildings to

said Martha A. Watkins, for the sum of $1,493.82, to secure the payment of which sum she gave her note, with Fanny Watkins and others, as sureties thereon, and further to secure the payment of this note, executed a trust deed upon the said buildings to S. M. Meek, trustee, with power of sale. Default was made in the payment of the note, whereupon the buildings aforesaid were sold under the trust deed. Addie T. Hunt, now Addie T. Owens, one of the appellees, becoming the purchaser, as she was before the sale the assignee of the note secured by said deed. This sale took place in 1869. In 1871, Addie T. Owens and her husband filed their bill in the chancery court of Lowndes county, setting out the foregoing facts, and further stating that they had never had possession of said buildings; that they had not been able to obtain possession thereof; that said buildings were valuable, and commanded high rents ; that C. L. & A. R. Porter were in possession of said buildings without the consent, and against the will of the complainants ; that they deny to the latter rents and profits of said buildings ; that said C. L. & A. R. Porter, Martha A. Watkins, S. M. Meek, and others, were conniving and contriving to defraud complainants of their rights in the premises, and absolutely refuse these reasonable requests ; and that complainants are without adequate relief, except in a court of equity ; whereupon complainants pray a sale of the said buildings, with authority to the purchaser to remove the same for the benefit of complainants; for an account of the rents and profits; or for such other or further relief as the nature of the case may require. To the bill there was a demurrer alleging numerous grounds therefor. The demurrer was over-ruled, with leave to defendants to answer in sixty days. From this decree there was an appeal, the action of the court in overruling the demurrer being assigned here for error. The important ques-

tion for our consideration in this case is, whether, upon the facts, the bill can be maintained; or whether the bill presents a case of which equity can take cognizance. If any of the other points made by the demurrer are well taken, they appear to be such as can be disposed of in the court below.

In view of the case of Otley v. Haviland, Clark & Co., 36 Miss. 19, it will be unnecessary to enter into any extended discussion on the disposition of the case at bar. That was a case in equity, taken to the appellate court on demurrer to the bill. The complainant was the purchaser of a building sold under a proceeding to enforce the lien of a mechanic upon the building, the land whereon it was erected not being subject to the lien. In that case, as in the one at bar, numerous causes of demurrer were assigned. The court of last resort, in disposing of that case, say: " As to the propriety of coming into equity to assert the appellant's right to the buildings and materials, it appears, from the peculiar nature of the case, that no other court is competent to give adequate relief without injustice to the respective rights of the parties. The appellant being entitled to the buildings and materials, with the right to remove them from the ground, and the appellees being entitled to the ground, it is proper that a court of equity should direct how the appellant's right to remove the buildings and materials should be exercised, so as to do no prejudice to the rights of the appellees as owners of the ground, and this could not be done by a court of law. It appears, therefore, to be a proper case for the interposition of a court of equity."

In a case like this, there is open to the owner of the buildings, the statutory remedy to recover possession by summary proceedings before a magistrate, an action to recover damages for the conversion, and an action of ejectment. To either remedy there would be found serious, if not fatal obstacles, and neither would afford

that adequate and complete remedy to which the party is entitled. In equity alone is there such full and ample power of redress as the party requires and which justice demands.

It can make no difference, that in one case the complainant became the owner of the buildings at a sale on a judgment decreeing a lien of a mechanic, and in the other by purchase at a sale by a trustee under a trust deed. In both, the complainants appear as the owners of the buildings, while third parties own the land. Otley v. Haviland et al., is not only our guide upon the maxim, " *Stare decisis, et non quieta movere*," but it commands the approval of our judgment as a practical rule in a case which seems not to be otherwise provided for.

The decree overruling the demurrer is affirmed, with leave to the respondents to answer the bill within forty days from this date.