JAMES E. DECELL ET UX. *v.* WILLIAM J. McREE ET AL.

1. EQUITY. *Jurisdiction.  Removing building.*

A court of equity will enforce, and is the proper forum in which to assert, the rights of one who owns a house situated on the land of another.

2. SAME. *Judgment in ejectment.  Default.  Res adjudicata.*

In such case a judgment by default in an ejectment suit brought for the land by its owner against the owner of the house is not *res adjudicata* of the right of the defendant to remove the house, since the house is personal property.

3. SAME. *Trustees.. Abuse of trust.  School's property.*

Though the majority of the trustees of a school are among those whom the board of trustees permit to erect a boarding house on the school property, with an agreement that the house shall remain the property of the builders, there is no abuse of trust, rendering void the agreement as to its remaining the builders' property, the boarding house being essential to the successful conduct of the school, and being built for that reason, and not to enable them to make a profit out of their trust.

FROM the chancery court of Lincoln county.

HON. ROBERT B. MAYES, chancellor.

Decell and wife, appellants, were complainants, and McRee and others, appellees, were defendants in the court below.

Decell and wife, appellants, filed their bill in equity asking for permission to remove certain buildings, known as the

"Grange Hall Boarding House," from certain lands described in their bill. The bill alleges that in 1891 T. Buie and his wife conveyed the lands described in the bill to J. C. Chiles, W. H. Williams, and complainant J. E. Decell, as trustees of Grange Hall School, and their successors in office; that afterwards J. E. Decell and others entered into a partnership or stock company, known as the Grange Hall Boarding House Stock Company, for the purpose of erecting a boarding house on the said lands at Grange Hall, in Lincoln county, for maintaining and establishing a high school; that the capital stock of the company was $1,500, divided into 150 shares of $10 each, and that certificates of stock were issued to the respective stockholders, according to their interest in the company, and that with the money paid for said stock there was, with the knowledge and consent of the trustees of Grange Hall School, erected a boarding house of the value of $1,500, a large shed to the value of $10, a garden to the value of $20, which buildings and improvements were agreed to be the property of the stock company; that in 1898 complainants, James E. Decell and wife, purchased from each of the stockholders his share of the boarding house stock company, and that each of them transferred to them his certificate of stock, and that they are now the sole and exclusive owners of the said boarding house and improvements and in possession of same; that in the May term, 1903, of the circuit court of Lincoln county a judgment was rendered in favor of defendant trustees against complainants for the posession of the lands on which the boarding house and improvements were erected; that complainants are without complete, perfect, and adequate remedy at law, and ask permission to remove the buildings and other improvements.

The defendants demurred to bill, and assigned the following causes of demurrer: (1) There is no equity on the face of the bill. (2) The judgment in the ejectment suit is *res adjudicata*. (3) That the parol agreement whereby the house was to be constructed on school lands, and be the property of

the stock company, was void because it appears on the face of the bill that a majority of the trustees of the school were also stockholders in the company. (4) The agreement is void because it is an attempt to divert trust property from the purposes to which it was originally donated and place it in the hands of private parties. This demurrer was sustained and the suit dismissed, and complainants appealed to the supreme court.

*A. C. McNair,* for appellants.

The appellants lay no claim to the land sued for by the school trustees, the appellees. They claim the ownership of the dwelling, etc., erected on the land, by agreement between the trustees and the members of the "Grange Hall Boarding House Stock Company." The bill is filed for the purpose of removing the house from the land, and is predicated of the cases of *Otley* v. *Haviland,* 36 Miss., 19, and *Watkins* v. *Owens,* 47 Miss., 593. By the express agreement between the trustees and the members of the Boarding House Company the buildings were erected on the land of the trustees for the purpose of aiding in the establishment of the school and were a necessary auxiliary to the school. The bill states that the buildings were placed on the land by the express agreement that they should be and remain the property of the members of the company, and that they should not be the property of the school trustees. That the court of equity is the proper tribunal to grant the relief sought by the bill, the above cases are decisive.

The bill alleges that the appellee trustees at the May, 1903, term of the circuit court, recovered in ejectment against them a judgment for the land on which the buildings are situated, and that they are attempting to enforce the judgment by a writ of possession, and thus deprive the complainants of the use and ocupancy of the buildings. It appears that the appellees did not claim *mesne* profits or damages in the ejectment suit, and that the complainants did not claim for improvements,

and that the buildings were not claimed in the ejectment proceeding, and that the right of the buildings was not involved and adjudicated in the judgment rendered in that suit.

The complainants do not now and have never claimed the land. On the contrary, they have recognized the title of the trustees to the land. They have not sought and do not seek to deprive the legal owners of the possession of the land. All they have claimed is the buildings erected on the land under the agreement with the holders of the legal title, and the bill is filed to obtain leave of the chancery court to remove their property from the land of the appellees.

A judgment is conclusive between the parties and privies as to all those matters which were involved and proved, or which might have been proved, under the pleading. *Agnew* v. *McElroy,* 10 Smed. & M., 552; *Thomas* v. *Phillips,* 4 Smed. & M., 358; *Gaines* v. *Kennedy,* 53 Miss., 103; *Lorance* v. *Platt,* 67 Miss., 183; *Schumpert* v. *Dillard,* 55 Miss., 348. A matter, however, is not *res adjudicata* merely because it might have been included in an adjudication; if, in fact, it was not presented by the pleadings or necessarily involved. *Davis* v. *Davis,* 65 Miss., 498; *Hubbard* v. *Flynt,* 58 Miss., 266.

The bill shows that the Grange School enterprise was a private one, and was not a public one. It shows further that the boarding house was erected for the purpose of aiding and establishing and maintaining the school. The idea, evidently, of the promoters and interested parties being that for the purpose of the school, a boarding house was necessary or convenient. A very just and wise conclusion. And by the agreement of all parties, it was erected for that purpose.

Trustees have no right to divert and destroy the trust property, but they have the right to use it in any legitimate way for the advantage of the beneficiaries. Under the agreement the trustees, as such, had no interest in the buildings. They simply allowed the use of the trust property for the benefit of the trust. This they had a right to do. *Money* v. *Ricketts,* 62 Miss., 209;

*Gentry* v. *Gamblin,* 79 Miss., 437; *Vicksburg, etc., R. Co.* v. *Ragsdale,* 54 Miss., 200; *Weathersby* v. *Sleeper,* 42 Miss., 732; *Stillman* v. *Hamer,* 7 How. (Miss.), 421; *Duff* v. *Snider,* 54 Miss., 245.

*Jones & McCullough,* for appellees.

The first question to be determined is, whether a building erected on land under the circumstances set out in the bill is a removable fixture or a part of the freehold.

The only pretext on which right to remove can be predicated is the fact that the trustees of the school consented, as alleged in the bill, that the stock company might erect a building on school lands, and that it might remain the property of the stock company. The trouble about this for the appellants, however, is that a trustee cannot represent conflicting interests. He cannot act in two capacities. In this instance a majority of the trustees of the school were also stockholders in the stock company. To whom and with whom did they consent and agree that the stock company might build the boarding house? Manifestly the consent was given to themselves, and they made an agreement with themselves. This kind of conduct on the part of the trustees is not approved by courts, and is held to be void in law regardless of motive.

The boarding house was erected by a stranger to the title of the land, and the house became a part of the land on which it was built. It is unquestionably an improvement, and the only claim which the stock company or it successors can have against the defendant is for improvements. A court of chancery has no original and independent jurisdiction of suits brought alone to recover the value of improvements made on real estate. In all cases where it has awarded compensation for improvements it has been as an incident to its jurisdiction of the main case. 3 Pom. Eq., sec. 1241.

The complainants are not *bona fide* occupants of the land, claiming title thereto under some deed or contract of purchase

made in good faith. Their predecessor, the Grange Hall Boarding House Stock Company, knew that the title was in the trustees of the Grange Hall School, and the complainant, James E. Decell, knew, when he purchased the stock of the old company, that the title of the land was in the trustees of Grange Hall School, he himself being one of the trustees. It is only persons acting in good faith with a belief of title in themselves who can compel the owner to pay for valuable improvements. *Hughes* v. *Stallings,* 52 Miss., 375; *Bank* v. *Costanera,* 62 Miss., 825; *Holmes* v. *McGee,* 64 Miss., 129.

Aside from the foregoing questions, the complainants are barred by the judgment in the ejectment suit. They might have pleaded the value of all permanent, valuable, and not ornamental improvements made by themselves, or the company under whom they claimed before notice of the intention of the plantiffs in that suit to bring the action. Section 1673 of the code. It is disclosed by the bill that in the ejectment suit the complainants here failed to present their claim because, as they allege, their remedy at law was not adequate. The complainants do not prefer a just claim for improvements. If they did not make their demands in the action at law co-extensive with their right, they cannot be relieved in equity for what they omitted, for the opportunity was then offered to establish their full rights, and that adjudication covered not only all that was proved in that issue, but all that might have been established. *Gaynes* v. *Kennedy,* 53 Miss., 103; *Moody* v. *Harper,* 38 Miss., 599.

In the ejectment suit between the parties hereto the defendants here, plaintiffs in the ejectment suit, not only assailed the right of complainants to the title, possession and ownership of the land, but also to all the improvements situated thereon. It was perfectly competent for the complanants, as defendants in the ejectment suit, to file a plea limiting their defense to the buildings and improvements situated on the premises claimed by the plaintiffs in their declaration, and under the

principle announced by the authorities above last cited, that an adjudication covers not only all that was proved, but all that might have been established, the judgment in the ejectment suit is final and conclusive.

WHITFIELD, C. J., delivered the opinion of the court.

The jurisdiction of a court of equity to administer the relief sought is established by the cases of *Otley* v. *Haviland,* 36 Miss., 19, and of *Watkins* v. *Owens,* 47 Miss., 593. There is no *res judicata* arising from the judgment in the ejectment. Ordinarily the doctrine of *res judicata* might well be invoked when one defending in ejectment failed to claim the value of his improvements. That would be so, because the title to the building as well as to the land would be involved. That is not this case. The express contract here was that the building should remain the property of the appellants, the lands remaining the property of the Grange Hall Boarding House Stock Company. In other words, the agreement was, and its necessary effect is, that the buildings should be treated as personal property belonging to appellants. Under this state of case the defendants in the ejectment suit stood upon the agreement, did not dispute title to the land, and made no claim for the value of the improvements to be worked out in the statutory mode in ejectment, since they had the right to rest on their title to the building as personal property under the contract. The doctrine of *res judicata* cannot possibly have any application to this state of case.

Neither is there any merit in the contention that the trustees abused their trust, and made a profit out of their trust, in agreeing with persons, also trustees, that they might erect buildings on the grounds belonging to the Grange Hall Boarding House Stock Company, for the obvious reason that the allegations in the bill clearly show that the boarding house was essential to the successful conduct of the school, and was built for that reason, and fail utterly to show that the purpose of those who built the board-

ing house there was such a fraudulent purpose as would come under the facts in this case, within the spirit of the rule. We think the equities are all with the appellants, who should be allowed to remove their buildings from the ground.

The decree is reversed, demurrer overruled, the cause remanded, and sixty days to answer allowed after mandate is filed in the court below.

*Decree accordingly.*