BOWLING, Justice,
for the Court:
Appellants, Jim Walter Corporation and Mid-State Homes, Inc., complainants below, appeal from an adverse decree of the Chancery Court of Lee County. We reverse and enter judgment here.
Appellants originally filed their cause of action in the Circuit Court of Lee County pursuant to the provisions of Mississippi Code Annotated section 11-38 — 1, et seq. (1972). On motion of appellees the cause was removed to the chancery court and the pleadings were reformed to meet chancery court procedures.
According to the allegations of the bill of complaint, appellant, Jim Walter Corporation, on June 23, 1967, entered into a contract with appellees, William Gates and wife, Glenn Gates, whereby Jim Walter Corporation agreed to construct a residential building on certain property in consideration of a total value therefor payable in *929 monthly installments over a period of 144 months. Simultaneously therewith, Mr. and Mrs. Gates and Rosana Agnew, mother of Mrs. Gates, executed a deed of trust and a promissory note guaranteeing the payment of the purchase price of the building. The contract and the deed of trust gave appellant, Jim Walter Corporation, both a statutory and a contractual lien on the building. It appears that the reason Mrs. Rosana Agnew executed the two later instruments was that she supposedly held a life estate in the land on which the building was to be constructed.
The bill of complaint then alleged that upon completion of the building appellees, William Gates and Glenn Gates, moved into the home and made monthly payments until April, 1974, at which time they were discontinued and no further payments have been made. The reason for this was that it had been determined that Willie B. Agnew, brother of Mrs. Glenn Gates, appellee, owned the real property on which the house was constructed. The Gates have been living in the house since that time without making any payments.
The bill of complaint further alleged that the defendants falsely and fraudulently induced the appellant, Jim Walter Corporation, to construct the house on land of another and “that the defendant, Willie B. Agnew, acting in furtherance of said false and fraudulent representation to your complainants by his relative defendants aforesaid allowed and permitted and acquiesced in the construction of said building and the occupancy thereof upon said land without complaint from 1967 to date.”
Appellees William Gates and Glenn Gates answered the bill of complaint admitting title to the real property in Willie B. Agnew and admitting that for this reason the monthly payments were stopped. They filed a cross-bill of complaint which in effect alleged that Jim Walter Corporation actively participated in agreeing to construct and in actually constructing the house on said land owned by another. The prayer of the cross-bill of complaint merely requested that the court consider the equities of all parties and render a decree in accordance therewith. Jim Walter Corporation answered the cross-bill of complaint and denied that it knew that at the time of the closing of the transaction the real property was owned by another.
In the meantime, the debt evidenced by the contractual instruments was assigned to appellant, Mid-State Homes, Inc., who, as hereinbefore stated, joined in the bill of complaint.
On the day of the trial, all parties stipulated that no testimony would be offered by any party and that the cause would be submitted to the chancellor on the pleadings. He called for briefs and his opinion and order thereon were rendered on October 5,1978. These instruments first stated that “the case was submitted on the pleadings without proof at the suggestion of both complainant and defendant” and “the case having been submitted without proof, it follows that the court’s findings must be based upon the facts provided by the pleadings and upon such facts alone.” The order, however, went further and stated that “resolution of this case is complicated by the absence of proof of material questions. Certain pertinent arguments are made by the briefs, but arguments do not amount to proof,” and “in my opinion they have failed to prove their case and their bill should be dismissed.”
The owner of the property, Willie B. Agnew, did not appear and filed no contest in the cause, although properly served. Included in the record of the cause is a telegram from him stating that he owned the land and was not appearing in the cause. The bill of complaint, as hereinbefore set out, and on which it was agreed to try the cause, stated under oath that the owner, Willie B. Agnew, “allowed and permitted and acquiesced in the construction of said building and the occupancy thereof upon said land without complaint from 1967 to date.” This is undisputed and is the principal determining factor in the cause. This undisputed fact clearly resulted in appellants having an equitable lien on the house and a statutory lien pursuant to the provi *930 sions of Mississippi Code Annotated section 85-7-137 (1972). Howie v. Baker, 232 Miss. 661, 100 So.2d 113 (1958); Connolly v. McLeod, 212 Miss. 133, 52 So.2d 473 (1951); Brock v. Kelly, 208 Miss. 323, 44 So.2d 452 (1950); Kelso v. Robinson, 172 Miss. 828, 161 So. 135 (1935); Chears Floor & Screen Co. v. Gidden, et al., 159 Miss. 288, 131 So. 426 (1930).
In Weathersby v. Sleeper, 42 Miss. 732 (1869), it was said:
It has been repeatedly held, that a building or other fixture, which is ordinarily a part of the realty, is personal property when placed on the land of another by contract or by consent of the owner.
In Watkins v. Owens, 47 Miss. 593 (1873), the Court held that a court of equity has the power to enforce the rights of one who owns buildings or improvements situated on the land of another.
It follows, therefore, that after stipulating that the cause be submitted to the lower court on the pleadings alone, the proof is clear that Willie B. Agnew, the owner of the land, “permitted and acquiesced” in the construction of the house on his land. Contrary to the statement of the learned chancellor that “there was no proof” on this principal issue, there could be no other proof under the agreement that undisputed allegations of the pleadings were proof and should have been considered as such.
It follows that appellants should have been given a decree granting them possession of the personal property consisting of the building placed by them on the land in question. We reverse and render a decree here providing that appellants be given possession of the building with permission to remove it from the real property and with the land being left in a reasonably good condition as before removing the building. The cause is remanded to the Chancery Court of Lee County for the issuance of any orders or writs necessary to carry out the mandate of this Court.
REVERSED, DECREE HERE AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.