## Case No. 2,985.

### COLEMAN v. MARTIN et al.

[6 Blatchf. 119.][1]

Circuit Court, S. D. New York. April 20, 1868.

#### APPLICATION TO BE MADE PARTY.

A person who has no interest, in a legal sense, in the subject-matter of a suit in personam, and who is not a party to it, cannot compel the plaintiff to make him a party.

[Cited in Drake v. Goodridge, Case No. 4,062; Scott v. Mansfield, C. & L. M. R. Co., Id. 12,541; Chester v. Life Ass'n of America, 4 Fed. 492.]

[In equity. Bill by Charles R. Coleman against D. Randolph Martin and others.]

This was an application made to the court, by petition, by Charles H. Stewart, who was not a party to the suit, praying that he might be made a party defendant. The ground of his application was, that, by reason of certain matters, which he set forth, he might be held, both legally and morally, responsible, pecuniarily and personally, for certain transactions of which the plaintiff complained in his bill; and that the decree of this court in the suit would have "a powerful influence" in contributing to that result.

Luther R. Marsh, for petitioner.
E. Louis Lowe, for plaintiff.

BLATCHFORD, District Judge. The decree of this court in this suit can in no manner bind or affect the petitioner, in a legal sense; and it was never known that a person, not a party to a suit in personam, could compel a plaintiff to make him a party. The present defendants do not raise the objection that the petitioner should be made a party. This being so, the plaintiff is left free to sue whom he pleases, subject only to the power of the court at any time to compel him to join, as a party defendant, any person whom it is necessary to make a party, in order to make a decree fully effective against those who are already parties. It does not appear that the defendant is such a necessary party. He has no interest, in a legal sense, in the subject-matter of this suit, which is only a suit to compel the defendant Martin to surrender, to be cancelled, certain certificates of stock and bonds, and to compel the defendants Martin and Fant, as trustees, to release and cancel a certain deed of trust, and to compel Martin to account with the plaintiff for certain stock, bonds, and moneys, and to enjoin Martin from transferring, or disposing of, certain stock and bonds. In these matters, which are personal claims against Martin and Fant, the petitioner has no interest. In a suit in rem, where a court has jurisdiction over the res, and its decree affects the interest in the res of all persons who have any interest in the res, a person who has a lien or claim upon, or other interest in, the res, is allowed to intervene, and be heard for his own interest in the res. The theory of this is, that the person, by his interest in the res, has an interest, in a legal sense, in the subject-matter of the controversy. But in a suit in personam, a person not a party to the suit can have no interest, in a legal sense, in a personal claim made, in the suit, against a defendant therein, unless it is necessary that such person, not a party, should be made a party, in order to properly enforce such claim. The prayer of the petition is denied.