BOARD OF SUPERVISORS OF ATTALA COUNTY *v.* JASON NILES.

INJUNCTION.   *Against road-overseer.   Supervisors admitted to defend.   Chancery practice.*

Where an injunction is granted on a bill filed against the overseer of a projected public road, prohibiting him to open the road, and he refuses to answer the bill, the Board of Supervisors of the county, upon their application duly made, should be admitted to defend the suit.

APPEAL from the Chancery Court of Attala County.

Hon. R. W. WILLIAMSON, Chancellor.

Jason Niles filed a bill in chancery against W. C. Chesteen, and obtained an injunction thereon prohibiting Chesteen, as the overseer of a certain projected public road in Attala County, from cutting out and opening the road over the land of the complainant. Chesteen was summoned to answer the bill; but at the appearance-term a motion was entered by the Board of Supervisors of the county that they be made parties defendant and permitted to answer the bill. This motion was based upon the petition of the board, representing that Chesteen was pleased to be enjoined, and would not answer the bill; that the board had ordered the road to be opened, and the public interest demanded that the road should be opened; and that the Board of Supervisors, as the representatives of the county, are the real parties in interest, and should be allowed to answer the bill. The answer of the board was tendered by the petition, and filed therewith. The motion was overruled, and the Board of Supervisors appealed.

*Nugent & McWillie*, for the appellant.

The Board of Supervisors should have been admitted as a party defendant to the proceeding. The rule is that all persons interested in the object of the suit ought to be made parties (Story's Eq. Pl., sect. 76), it being the aim of courts of equity to do complete justice by deciding upon and settling the rights of all persons interested, so that the performance of the decree may be perfectly safe to those compelled to obey it, and also that future litigation may be prevented. Story's Eq. Pl., sect. 72. See also *Poor* v. *Clark*, 2 Aik. 515; *Camp* v. *McGillicuddy*, 10 Iowa, 20.

It will not do to say that it was proper to exclude the Board of Supervisors from defending the suit because they would not be concluded by the decision of the case. It is apparent that they will be affected very materially by the result. It is clear that such board, as the representatives of the county, are really the parties interested in the case. The object of

the injunction is to render nugatory the decision of the board, a *quasi*-judicial tribunal, upon a matter within their jurisdiction and intended to advance the public interest.

No counsel for the appellee.

Chalmers, C. J., delivered the opinion of the court.

The Board of Supervisors should have been admitted to defend the suit. True, a decree rendered in it would not have concluded them, and, ordinarily, parties who will not be affected by a litigation have no right to intervene; but in this case the road-overseer was the mere representative of the Supervisors, or of the public, and he refused to make any defence. If he had been enjoined, so might each successive overseer whom the board might appoint, each one of them being willing to be relieved of the duty of opening the road or unwilling to expend any money in the litigation.

Under these circumstances it was eminently proper that the real parties interested — to wit, the people of the county, as represented by the Board of Supervisors — should be allowed to come in and have the question settled once for all.

The decree will be reversed and the board admitted to defend.