## WILLIAM L. LEWIS ET AL. *v.* VILLAGE OF BOGUECHITTO.

TAXATION.  *Municipal levy.  Excessive injunction.*

> Where municipal authorities levy a tax for a proper purpose in excess of the legal limit, the collection of the excess only should be enjoined.

FROM the chancery court of Lincoln county.

HON. ROBERT N. MILLER, Special Chancellor.

William L. Lewis and others, the appellants, were the complainants in the court below.   The suit was once before in the supreme court, and the decision then made is reported—*Boguechitto* v. *Lewis*, 75 Miss., 741.   The previous report gives the facts up to the time of that decision, and the code section in controversy is there quoted.

After the decree of the chancery court refusing to sustain a motion to wholly dissolve the injunction had been affirmed by the supreme court and the case had been remanded, the court below, on final hearing, modified the injunction, made it perpetual as to the excess of the levy and dissolved it as to that part of the levy within the limits allowed by law, from which decree the complainants, now appellants, appealed.

*Thomas Brady, Jr.*, for appellants.

It was contended by the appellee in the court below that, notwithstanding the fact a municipality had no power, without the consent of a majority of its taxpayers, to levy a tax of more than three mills on the dollar for the purpose of purchasing fuel, etc., for its free public schools, that still, under § 4014 code 1892, it had a right, without the consent of a majority of its taxpayers, to make a three mill levy, and that it had the power and right to collect three mills on the dollar under a

four and one-half mill on the dollar levy, citing § 3817 of the code, which provides that "no conveyance of land shall be invalidated because a part of the taxes for which the land was sold was illegal or not chargeable on it," as an authority for the power.

This law is not applicable to the point in issue, for it presupposes some of the taxes to be legal. In this case no valid charge was effected on the land for any sum, and no taxes could become legally due under a levy that was void. Section 3817 cannot be successfully invoked to sanctify illegality and cure a departure from requirements of law in the important matter of imposing taxes. *Nelson* v. *Abernathy,* 74 Miss., 169; *Harris* v. *State,* 55 Miss., 56.

Municipal corporations have no inherent power of taxation; their right to tax must be delegated from the state (*Daily* v. *Swope,* 47 Miss., 367), and it can then be exercised only to the extent provided by law, and any excess of taxation beyond what the law allows will render the levy void (Cooley's Const. Lim., 519).

The appellee cannot, without the consent of a majority of its taxpayers, levy a tax of more than three mills on the dollar for the purpose of paying for fuel and the other necessaries for its free public schools. *Boguechitto* v. *Lewis,* 75 Miss., 741. Section 4014, code 1892, empowers a municipality to make a three mill levy for such purposes without the consent of a majority of its taxpayers, and their power is limited to this sum. All statutes are mandatory which limit the amount of taxes which may be levied, and when this amount is exceeded the whole levy is void. Cooley on Taxation, 295.

The contention that the words "or collected" in the sentence, "but a tax in excess of three mills on the dollar shall not be levied or collected without the majority of the taxpayers, etc.," in § 4014, is without merit. The legislature did not proceed on the idea that a municipality would make an excessive levy, and the words "or collected" were not used for

the purpose of allowing any tax to be collected under such a levy. In all the cases in our courts in which tax sales have been upheld, notwithstanding excessive levies, some part of the taxes, either the state or county, were legal, and effected a charge upon the property sold; but in this case the whole levy was void, and is not helped by § 3817.

*Cassedy & Cassedy,* for appellee.

The restrictive clause of § 4014, code of 1892, reads: " But a tax in excess of three mills on the dollar shall not be levied or collected without the consent of a majority of the taxpayers of the municipality."

It will be seen that it contemplates a case where a levy in excess of the amount allowed by law could be made without the consent of the taxpayers, and thus the one mill and a half was in excess of their power unless it was consented to by the taxpayers as provided in that section. The prohibition is " shall not be levied," and we contend, if erroneously levied, it goes on to provide that the excess shall not be collected.

If this is not the meaning of the clause, and if it means that the whole levy shall be void, then why the words " or collected ? " If this is true, then these words are surplusage and without meaning, because it would necessarily follow that, the levy being void, the tax could not be collected. Referring, in this connection, to § 3817 of the code, we quote this clause: " And, if any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale or invalidate the conveyance unless it appear that, before sale, the amount legally chargeable on the land was paid or tendered to the tax collector."

So we see that this statute recognizes a case where a sale for taxes, illegal in part and valid in part, would be good, and that the part that was valid could be collected.

It has been frequently held by this court that, because the assessment included taxes which were not legally chargeable

against the property, it did not make invalid a conveyance by the tax collector on a sale for taxes not paid, the law governing such sales having been complied with.

It is the policy of our laws to enforce the collection of taxes which are legally chargeable and at the same time protect the taxpayer from the mistake or excess of authority of the taxing power.

WHITFIELD, J., delivered the opinion of the court.

"It is well settled that where a portion of a tax sought to be enjoined is legally due, and a portion not, the bill for injunction cannot be maintained, unless the portion properly collectible is paid or tendered." This is the language of this court in *M. & O. R. R. Co.* v. *Moseley*, 52 Miss., 137. See, to the same effect, Cooley on Taxation (2d ed.), p. 763, note 1, with authorities; Cooley's Const. Lim. (5th ed.), p. 645, note 4, with authorities; State Railroad Tax Cases, 92 U. S., 574, where it is said, page 617: "The state is not to be thus tied up, as to that of which there is no contest, by lumping it with that which is really contested." *National Bank* v. *Kimball*, 103 U. S., 732. The learned author, in note 4 *supra* (Cooley on Taxation, 645), says: "But when a party asks relief in equity, before a sale, against the collection of taxes, a part of which are legal, he will be required first to pay that part, or, at least, to distinguish it from the rest, that process of injunction can be so framed as to leave the legal taxes to be enforced." And in *McPherson* v. *Foster*, 43 Iowa, 48, it is held that "a tax for a proper purpose, in excess of the legal limit, should be upheld as far as legal." This case is identical with this one. See p. 73.

There, as here, an actual levy was made for a greater percentum than was legal, and injunction was granted before sale, and the court said the injunction could be modified, and "the levy could be corrected to harmonize with the law." It is not the interests of the taxpayer alone which, in such cases, are to

be looked to, but the interests of the state as well, whose exist-
ence is dependent upon taxation.

The learned special chancellor acted in accordance with these
views, and the decree is

*Affirmed.*