T. A. Doke and N. D. Wainwright, Appellants, vs. W. M. Williams and C. L. Peek, Appellees.

1. The general rule is that a complainant in equity can not be compelled upon the application of a third person to make him a defendant to the bill. This is particularly true where the bill contains no allegations which connect such third person with the subject-matter of the litigation.

2 In cases demanding it, third persons interested in the subject-matter of litigation in chancery may present their claims to the court for adjudication, but it should generally be by an appropriate bill and not by petition. Beneficiaries of a trust where the trustee is a party, and those having an interest in a fund in the custody of the court, may, however, intervene by petition.

This case was decided by Division B.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Evans Haile,* for Appellants.

*W. W. Hampton,* for Appellees.

Maxwell, J.

The appellants filed a bill to enjoin the defendant Williams from boxing trees for turpentine and otherwise tresspassing upon certain lands therein described. Peek filed a petition praying to be made a party defendant to the suit, alleging therein that at the time of the filing of the bill Williams was in actual adverse possession of the

lands as his sub-lessee, he, the petitioner, having been in possession and in the exercise of control and ownership thereof by virtue of a lease from third parties, the true owners of the property. This petition was granted and complainants required within ten days to amend their bill by making Peek a party defendant thereto. From this order the complainants appeal.

The allegations of this petition do not show that Peek had such an interest in the lands involved in this suit as to make him a proper party defendant thereto. They do not disclose his rights under the lease to himself, nor what its duration was, nor even that it was still in force when his petition was filed; and they are equally silent as to the lease by himself to Williams and his liability for any injury which might result from interference with the latter's enjoyment of the property.

But a more radical objection lies to this petition. It seeks to compel the complainants to make him a defendant to the suit which they have instituted against Williams. This suit is *in personam* to restrain Williams from trespassing upon land which they claim to own and possess. They seek no relief against Peek, and the bill as filed shows no basis for making him a party to the suit..

The general rule, subject to certain exceptions, is that a party can not be required to sue those against whom he does not wish to proceed, nor to state another case than that upon which he elects to rely. If he fails to make necessary parties to the suit, or does not make necessary averments as to those against whom he proceeds, his suit fails; but whether he will cure the defect by amendment rests with himself.

In the case of Carter v. Smith, 35 Fla. 169, 17 South. Rep. 411, this court held that "there is no practice in

equity which will authorize the court, upon the applica-
tion of a person not a party to a suit, to compel a plain-
tiff to make such person a co-plaintiff," resting its decis-
ion upon Drake v. Goodridge, 6 Blatchford, 151.

The latter case announced the doctrine quoted, and held
further that it was equally without precedent to make
one a party defendant to a suit *in personam* upon his own
application, following therein the prior ruling of the same
court in the case of Coleman v. Martin, 6 Blatch. 119.
The same conclusion is reached in well considered
opinions by Chancellor COOPER in Stretch v. Stretch, 2
Tenn. Chan. 140, and by M'CLELLAN, J., in Ex parte
Printup, 87 Ala. 148, 6 South. Rep. 418.

The Supreme Court of Mississippi, in Board of Super-
visors of Attala County v. Niles, 58 Miss. 48, permitted
intervention by the Board of Supervisors to resist an in-
junction obtained against a road overseer who acted un-
der the board and who refused to defend. No authority
for such practice was cited and the decision of the court
was placed on the ground that the public, the real party
in interest, should be permitted to defend through its
representative, the board, as otherwise the successive
overseers who might be appointed by the board, willing
perhaps to be so relieved of their duties, could, by failing
to defend, jeopardize public interests. The same court,
in Whitney v. Hanover Nat. Bank, 71 Miss. 1009, 15
South. Rep. 33, S. C. 23 L. R. A. 531, in a case where
only private interests were involved, without referring to
the earlier case, announced the rule broadly that no such
practice is known to equity as making a person a defend-
ant to a suit upon his own application over the objection
of the complainant, saying that it was "fully vindicated
on principle and authority."

To the same effect may be cited Shields v. Barrow, 17 How. 130, text 145; Searles v. Jacksonville, Pensacola & Mobile R. R. Co., 2 Woods, 621; 1 Daniell's Chan. Pl. & Pr., 287, note 2; and Fletcher's Eq. Pl. & Pr. section 53.

One of the objections to the practice which these cases condemn is well illustrated in the case at bar.     Peek seeks to become a party defendant to the complainants' bill.    This bill contains no reference to any fact which would connect him with the suit if he were made a party thereto.    As was said by Chancellor COOPER, in Stretch v. Stretch, *supra*, "to make a new defendant to a bill claiming in a right not noticed by the bill would throw the rules of chancery pleading into utter confusion, for it would be to try rights without any issue between the parties."

The law does not deny a remedy to third persons having an interest in the subject-matter of litigation, but it requires that it be so sought as to permit the rights of all parties to be duly presented to the court. They may, in cases demanding it, file an appropriate bill, which those with adverse interests will have opportunity to resist in the regular way.    Stretch v. Stretch, *supra;* Ex parte' Printup, *supra*.

Exceptional cases where third persons may intervene by petition are those where the beneficiaries of a trust are permitted to so intervene in a suit to which the trustee is a party, and where a person has an interest in a fund in the custody or control of the court and desires to secure its proper administration and distribution.   Neither of these exceptions affects the present case.

The order of the court below is reversed with directions that the petition for intervention be denied.