Silas V. Ross et al. *v*. Jesse W. Quick et al.

[42 South. Rep., 281.]

Appeal. *Supersedeas.* *Code* 1892, § 49. *Laws* 1906, *ch.* 169, *p.* 206.
    *Discharge of supersedeas.* *Code* 1892, § 4359. *Supreme court*
    *practice.*

  If in a suit to restrain proceedings under an act of the legislature,
    providing for the division of a county into two judicial districts
    upon an affirmative vote of the electors of a designated part of
    the county (Laws 1906, ch. 169, p. 206), the chancery court dis-
    solve the injunction, award damages against complainants and
    dismiss the bill, holding the legislative act to be constitutional,
    and the complainants obtain a supersedeas appeal, under Code
    1892, § 49, providing for such appeals, the supreme court, on
    motion of the appellees, will, under Code 1892, § 4359, providing
    for such procedure, discharge the supersedeas as to the dissolu-
    tion of the injunction, but will continue it until the final hearing
    as to the decrees dismissing the suit and adjudging the act con-
    stitutional.

From the chancery court of Jones county.

Hon. James L. McCaskill, Chancellor.

Ross and others, appellants, 'were complainants in the court
below; Quick and others, the appellees, were defendants there.
From a decree dissolving the injunction, awarding damages
against the complainants and dismissing the suit, the complain-
ants appealed to the supreme court.

The suit was by resident citizens of Jones county against the
board of election commissioners and board of supervisors of said
county, seeking to restrain them from putting into operation an
act of the legislature (Laws 1906, ch. 169, p. 206), providing
for a division of the county into two court districts, if the quali-
fied electors of the proposed second district should vote in favor
of the division at an election to be held, and for building a court-
house, issuing bonds, levying taxes, etc., the claim being that the

so-called act was unconstitutional. An injunction was granted restraining the defendants from holding the election. The defendants demurred to the bill and made a motion to dissolve the injunction. The chancery court held the act constitutional, dissolved the injunction, awarded damages against complainants, sustained the demurrer, and dismissed the bill. Complainants then prayed and obtained a supersedeas appeal. Pending this appeal, under the provisions of Code 1892, § 4359, the defendants made a motion in the supreme court to discharge the supersedeas. Appellants claimed the supersedeas was authorized by Code 1892, § 49.

*Stone Deavours, Robert E. Halsell,* and *T. H. Oden,* for the motion.

The supersedeas was improperly granted and should be discharged; certainly it ought to be discharged so far as concerns the dissolution of the injunction and the award of damages resulting therefrom. This clearly follows from the decision of this court in the case of *Conner* v. *Gray,* 88 Miss., 489 (s.c., 41 South. Rep., 186).

*J. W. Pack,* and *S. A. Witherspoon,* against the motion.

If there had been no final decree, the chancellor was authorized to determine that an appeal from an interlocutory decree should operate as a supersedeas. Code 1892, § 34, provides that the chancery court or chancellor may grant appeals from interlocutory orders in three cases, as follows: 1. When money is required to be paid; 2. Where property is required to be changed in its possession; 3. When he may think proper, in order to settle the principles of the case, or to avoid delay and expense. And in granting such appeals, it is expressly provided that "the chancellor shall determine whether the appeal shall operate as a supersedeas."

In this case, the decree required the payment of five hundred dollars in money, and this alone authorized the chancellor to

grant the appeal and to determine that the appeal should operate as a supersedeas.   In addition, the chancellor was authorized to grant an appeal and to determine that it should operate as a supersedeas, if he thought it was necessary to settle the principles of the cause and the presumption of law in favor of the correctness of his decree is conclusive that he did so think.   It is not supposable that if he thought the constitutionality of the act in question was not questionable, and that there were no serious doubts about it, and that the suit was frivolous, he would have determined that the appeal should operate as a supersedeas, and this court cannot presume that the chancellor did not think that the appeal was necessary to settle the principles of the cause in order to reverse and overturn his decree.

But the court rendered a final decree dismissing the bill.   The appeal being from a final decree, Code 1892, § 49, gave the appellant an appeal with supersedeas, whether the chancellor wanted us to have it or not.   This section makes a broad and clear distinction as to supersedeas in appeals from interlocutory decrees and final decrees.   As to the former, the words of the section are: "On appeal from any interlocutory decree where the chancellor shall allow a supersedeas," and the latter says: "On appeal from a final decree of the chancery court   .   .   . where the appellant shall desire a supersedeas."   It then provides for the supersedeas bond, and it is clear that the intent of the statute is that on appeals from final decrees the appellant shall have a supersedeas whenever he desires it, and that it is immaterial whether the lower court or this court thinks he ought to have it.   It is a matter determined by the law, and not left to the discretion of the court.

WHITFIELD, C. J., delivered the opinion of the court.

The motion to discharge supersedeas in this case is hereby sustained, in so far as it supersedes the dissolution of the injunction enjoining the election commissioners of Jones county from holding the said election, from appointing managers and clerks to

hold said election, from reporting and returning said election to the board of supervisors, and from proceeding any further toward ordering and holding said election, and in so far as it supersedes the dissolution of the injunction enjoining the board of supervisors of Jones county from receiving the reports and returns of said election from said commissioners and from declaring the establishment of the second district, or from ordering an election to be held in said second district. We decline to discharge the supersedeas in so far as it supersedes the decree of the court below declaring the act of the legislature (Laws 1906, ch. 169, p. 206), entitled, "An act to divide the county of Jones into two circuit and chancery court districts, etc.," mentioned in the bill, constitutional, sustaining the demurrer, and dismissing the bill.

*So ordered.*