Statement of the case.

FRANK H. BUSH ET AL. *v.* JESSE W. QUICK ET AL.

[43 South., 70.]

1. CHANCERY PRACTICE. *Appeal. Code* 1892, § 34 *(Code* 1906, § 35). *Interlocutory decree. Settle principles. Strangers to suit.*

A stranger to an equity suit, whose petition to become a party has been denied, cannot appeal from the denial to the supreme court, under Code 1892, § 34 (Code 1906, § 35), authorizing appeals from interlocutory decrees in order to settle the principles of the case.

·2. SAME. *Intervention not a right. New suit. County district controversy. Election.*

The remedy of a person, claiming that a bill by taxpayers to enjoin the board of supervisors and election commissioners of a county from holding an election under an act providing for the division of the county into two court districts on the ground that the suit was filed by collusion between the parties, is by an independent bill against both parties, and not by intervening in that suit and making a new cause by a charge of collusion.

FROM the chancery court of Jones county.

HON. JAMES L. MCCASKILL, Chancellor.

Bush and thirty-two others, resident citizens, qualified voters and taxpayers of Jones county, the appellants, filed a petition in a suit pending in the chancery court of the county, asking to be made defendants thereto. The suit had been instituted a month before appellants filed their petition by several taxpayers of Jones county to enjoin the election commissioners and the board of supervisors of the county from holding an election under an act (Laws 1906, p. 206, ch. 169) providing conditionally for the division of the county into two court districts. Demurrers had been filed by the election commissioners and the board of supervisors to the bill of complaint, but steps had not been taken by the demurrants to expedite the hearing of the demurrers or to procure the dissolution of the injunction.

The petition for intervention charged that the complainants and defendants were acting fraudulently and in collusion to prevent the holding of an election under the act, and that the interests of all citizens and taxpayers of. the county were concerned in the dissolution of the injunction; that the original parties to the injunction suit were merely nominal parties, without desire to secure a just and speedy hearing of the issues involved. Appellants sought to be made parties in order to press valid defenses which the original defendants had to the suit but would not press. After filing the petition and giving notice to the election commissioners and board of supervisors, the appellants, as if they were defendants to the suit, gave notice to the complainants that they would at a designated time and place move for a dissolution of the injunction on bill and demurrers thereto, they having filed demurrers for the board of supervisors and one of the election commissioners similar to those already on file. The appellants also filed in the suit affidavits in support of the allegations of their petition for intervention. Neither the complainants nor defendants assented in any way to the actions of appellants.

The chancellor overruled the application of appellants and declined to allow them to be made parties to the suit and denied them relief altogether. From a decree to that effect the appellants appealed to the supreme court. The issues between the original complainants and defendants remained undetermined at the time of the taking of this appeal.

The decision in the case of *Ross* v. *Quick,* 89 Miss., 29, s.c., 42 South., 281, was made in the same case as this one.

*R. E. Halsell, T. H. Oden,* and *O. C. Hunt,* for appellants.

The legislature of 1906 passed an act (Laws 1906, ch. 169) providing conditionally for the division of Jones county into court districts, the question of the division to be submitted to the voters of the proposed new district for determination by ballot. The present county courthouse of Jones

county is at Ellisville, and the act provided for a new courthouse to be at Laurel, if the vote resulted in favor of a new district. The proposed new district lies north of Ellisville, and the dividing line between the two districts, under the act, is between Ellisville and Laurel. The act required the county election commissioners to order an election to determine whether or not the division of the county into the two districts should be made.

About seven days before the date set by the commissioners for the election an injunction was sued out by Ross and others, taxpayers, most of whom resided in the southern district, or as we may call it, the Ellisville district; this injunction restrained the election commissioners from holding the election and enjoined the board of supervisors from proceeding in any way to carry out the provisions of the statute. Notwithstanding the injunction the voters of the territory to comprise the new district went to their respective precincts, and voted. But when the ballot boxes containing the votes were carried to the county site and tendered to the election commissioners, they declined to receive them and the ballot boxes with their contents were then delivered to the clerk of the circuit court of the county, where they now remain.

There are three election commissioners, two of whom reside in the Ellisville district and are opposed to the division of the county. The third commissioner, living at Laurel, is in favor of division. Three members of the board of supervisors, including the president of the board, live in the Ellisville district, and oppose the division. The two other members of the board live in the Laurel district, and are in favor of division. When the injunction was sued out the people of Laurel offered to employ solicitors, free of charge to the boards of supervisors and commissioners, to fight the injunction. This offer was by a majority vote declined. The two boards retained solicitors, well known to be opposed to the division, and refused to allow solicitors retained by the people of Laurel to

be associated with them in the suit. The defendants to the suit declined to take steps to secure a dissolution of the injunction; thereupon the appellants, Bush and others, residents of the Laurel district, filed a sworn petition in the pending cause reciting the above facts, charging fraud and collusion on the part of the majority of the members of the two boards as to the injunction, and asking the right, as being the real defendants, to intervene and defend the suit. A copy of appellants' petition was served on the complainants and on the defendants in the suit, and notices were also served that the appellants would take affidavits in support of the allegations of their petition. Appellants also moved the court to dissolve the injunction. No denial of any kind was made by the complainants or by the defendants to the petition. On the hearing the chancellor held that appellants could not be permitted in vacation to intervene as defendants, and overruled appellants' motion to dissolve the injunction.

Appellants should have been permitted to intervene, and the chancellor should of his own motion have dissolved the injunction. A political election cannot be enjoined. <i>Gibbs</i> v. <i>McIntosh,</i> 78 Miss., 648; s.c., 29 South., 465.

A suit in equity cannot proceed without defendants, and the presence of merely nominal defendants in this case was insufficient. The real defendants had the right to be made parties. <i>Attala County</i> v. <i>Niles,</i> 58 Miss., 48; 15 Ency. Pl. & Pr., 674. All parties interested in a chancery suit must be made parties. 15 Ency. Pl. & Pr., 584. The parties in interest in a suit of this kind, seeking to enjoin an election to determine the division of a county, were the taxpayers and voters of the proposed new district. The petition of the appellants charged fraud, and was amply sustained by affidavits. It was the right and the duty of the trial judge to look fully into the matter, and if the appellants appeared to be interested parties they should have been made parties. It is but right that one who is interested in a cause, but not a party thereto,

should be made a party where he requests it. 15 Ency. Pl. & Pr., 700. The court may order new parties to be made defendants to a suit. 15 Ency. Pl. & Pr., 740. All persons interested should be parties. *Shields* v. *Barrow,* 15 U. S., 158. The court may require an amendment making other parties to the suit if their presence is essential. *Bishop* v. *Miller,* 48 Miss., 364; *Shaw* v. *Millsaps,* 50 Miss., 380; *Clayton* v. *Merritt,* 52 Miss., 352.

As to how defendants may intervene, see 15 Ency. Pl. & Pr., 634. In equity intervention is either by petition or complaint. 11 Ency. Pl. & Pr., 506. One has a right to intervene if interested in a suit. II Ency. Pl. & Pr., 498. And the intervenor has the right of appeal. 11 Ency. Pl. & Pr., 15.

The chancellor has the authority to hear injunction suits in vacation; and he has the authority to make all orders necessary to bring the merits of the controversy to a right determination. When equity once takes jurisdiction it will retain it so as to adjust all matters and rights of parties concerned. *Railroad Company* v. *Brooks,* 66 Miss., 583, s.c., 6 South., 467; *Bank* v. *Duncan,* 52 Miss., 740; *Craig* v. *Doherty,* 61 Miss., 96; *Hale* v. *Bozeman,* 60 Miss., 965; *Newman* v. *Taylor,* 69 Miss., 670, s.c., 13 South., 831.

Appellants' petition charged fraud, and fraud was amply proven by affidavits and was denied by no one. It was within the authority of the trial judge to look into the facts, and if he should believe fraud was being practiced he should have dismissed the injunction suit. A friend of the court may call the court's attention to fraud. *Haley* v. *Eureka Bank,* 21 Nev., 127.

Calhoon, J., delivered the opinion of the court.

A bill was filed, styled *"Ross et al.* v. *Quick et al."* (see 89 Miss., 29; 42 South. 281), attacking the constitutionality of the act of 1906 (Laws 1906, p. 206, c. 169), dividing

Jones county into two circuit and chancery court districts. The complainants were certain citizens and taxpayers against the board of supervisors and election commissioners, praying injunction against holding an election under the act, and that the act be declared void. Demurrers were filed by all the defendants. The appellants here, Bush and the others, intervened in that suit by petition to be made parties defendant in it, charging that it was filed by collusion for delay, and the petitioners, also citizens and taxpayers, wanted to press the dissolution of the injunction and final decree. The court refused to permit them to come in as defendants, and they appeal "to settle the principles of the case," leaving the main case below still pending and undetermined at that time.

There was no right to appeal under sec. 34, Code 1892, which has no reference to questions of practice. The remedy by independent bill against both complainants and defendants in the bill was complete, and their petition to be made parties involved no principles in that case to be settled. If they had filed an independent bill, and a demurrer to it had been sustained, they could have appealed under the statute. There was no right, in the pending suit, to make a new case by charge of collusion between the parties, thus presenting two issues.

*Appeal dismissed.*