PHILIP A. RUSH *v.* LELAND L. PEARSON ET AL.

[45 South., 723.]

CHANCERY PRACTICE. *Injunction. Sale under trust deed. Amount admitted to be due. Tender. Payment.*

In a proceeding to enjoin a sale under a trust deed on the ground of usury, it is not error, on motion, to decree that the injunction be dissolved, unless complainant shall make payment of the amount admitted to be due, the injunction in such case to be continued until final hearing.

FROM the chancery court of Tate county.

HON. ISAAC T. BLOUNT, Chancellor.

Rush, the appellant was complainant in the court below; and Pearson, the appellee, and A. W. Shands, as *cestui que* trust and trustee respectively in a deed of trust executed by Rush, were defendants there. From a decree unfavorable to the complainant he appealed to the supreme court.

The appellant, Rush, sued out injunction to restrain the appellees from selling certain real and personal property under a deed of trust which Rush had previously executed to Shands as trustee for the use of the appellee, Pearson. The appellant's bill averred that as a result of different transactions with appellee, Pearson, the appellant, "under business compulsion" executed to the said appellee three promissory notes aggregating $5,437.50; that the indebtedness evidenced by these notes, and because of which foreclosure of the deed of trust securing the same was threatened, was tainted with usury; that only $2,700 was actually due by appellant to appellee as the true indebted-

ness evidenced by the notes; that he, appellant, had often offered to pay to said appellee such sum of $2,700 in full acquittance of the indebtedness now past due, but that said appellee contended always for the payment of the full face and interest of the notes; and that, as appellant's property was being advertised for foreclosure sale by the trustee acting at the request of said appellees, the aid of equity was necessary to protect appellant's rights. The appellant's bill further recited that "complainant (Rush) does not tender in court the amount actually due, for two reasons; first, because, as the defendant, Pearson, has refused to accept the same or to express any purpose to accept the same in satisfaction of his claim, complainant, Rush, could not close any transaction for a tender which would be permanent and continuous throughout the uncertain time when this case may go on, complainant's means of obtaining such sum being tied up by the defendant's usurious holdings; and, second, because since the defendant is about to have a sale made unlawfully, it is evident that the relief prayed should not depend on the making of any sort of tender. Appellee Pearson's answer denied that the indebtedness was in any way tainted with usury, and also denied that Rush had ever offered to pay even the alleged sum of $2,700 as charged in his bill. On the hearing of the cause on bill and answer and affidavits and motion by appellee Pearson to dissolve the injunction the court sustained the motion with the proviso that appellant, Rush, should be entitled to have the injunction continue in force until final hearing if he would pay over the amount he admitted owing. Instead of paying such amount, the appellant, Rush, prosecuted this appeal to the supreme court.

*Phil A. Rush, pro se.*

The strict rule requiring tender of money, as applied to debtors wishing to avoid any question of liability for interest and costs, should not apply to a complainant seeking to restrain sale of his mortgaged property on account of a sale threatened

to be made for the purpose of realizing a sum in excess of what is conceded by the complainant to be due to his mortgagee.

In a case such as this, even where the excess claim is small, and where no substantial injury will be done to the parties in interest by requiring the debtor to pay, in advance, the amount of indebtedness admitted by him, the most that our courts should do is to limit the restraint against foreclosure of the mortgage to that portion of the debt which is in dispute, and leave the mortgagee to sell the mortgaged property for the satisfaction of the undisputed amount of indebtedness, if desired.

The remedy by injunction is to prevent irreparable injury; and the remedy should be broad enough to reach every just case coming before the court, according to the circumstances of each case.

While tenders of amounts due under simple contracts should be made unconditionally, yet a tender of an amount secured by a deposit of collaterals or by a mortgage on valuable property may be made on condition that the collaterals or property be surrendered and released from the mortgage lien. *Dorsey* v. *Barbee,* 12 Am. Dec., 296; 2 Greenleaf Ev., § 605; *Halpin* v. *Phoenix Ins. Co.,* 118 N. Y., 165.

*Shands & Montgomery,* for appellee.

The only question in this case is: Does the law permit the complainant in a bill for injunction to restrain the foreclosure of a deed of trust given to secure the payment of an indebtedness, part of which is claimed to be usurious, and part of which is admitted by the bill to be valid, without tendering or paying the amount which he himself in his bill admits that he justly owes?

This court has in many cases heretofore decided this question in the negative. In *Railroad Co.* v. *Moseley,* 52 Miss., 127, the court said that when a portion of the tax sought to be enjoined is legally due, a bill of injunction will not be entertained unless the portion properly collectible is paid or tendered. That this

rule is not limited to tax cases is shown in *Harmon* v. *Magee,* 57 Miss., 410. See also Rose's Notes to the case of *Taylor* v. *Secor,* 23 L. Ed. (U. S. Sup. Ct.), 663.

And to the same effect see *Crittenden* v. *Ragan,* 89 Miss., 185, 42 South., 281; and *Purvis* v. *Woodward,* 78 Miss., 922, 29 South., 917.

Argued orally by *Edward Mayes,* for appellant and bv *A. W. Shands,* for appellee.

MAYES, J., delivered the opinion of the court.

It was necessary for Rush to tender into court the amount admitted to be due, or pay same, before he could maintain his injunction. *Purvis* v. *Woodward,* 78 Miss., 922, 29 South., 917; *Crittenden* v. *Ragan,* 89 Miss., 185, 42 South., 281; *Lewis* v. *Boguechitto,* 76 Miss., 356, 24 South., 875; *M. & O. Ry. Co.* v. *Moseley,* 52 Miss., 127. We think the decree of the chancery court was correct. The decree is affirmed and the cause remanded, with leave to complainant to pay the amount admitted to be due in ten days after mandate filed; otherwise, the injunction stands dissolved.

*Affirmed and remanded.*