THE PENINSULAR NAVAL STORES COMPANY, A CORPORATION, *Appellant*, v. WILLIAM H. COX *et al., Appellees.*

1.  When a mortgage foreclosure suit is pending to foreclose a mortgage on lands which are subject to the lien of a judgment entered subsequently to the execution and recordation of the mortgage and where said lands are levied upon under said execution issued upon such judgment and advertised for sale, and where before such sale a *lis pendens* notice of such mortgage foreclosure was filed and recorded, under the *lis pendens* notice all persons purchasing said lands at said execution sale, or of said judgment, upon which the execution issued, buy the lands

subject to the rights of the mortgagee in the foreclosure proceedings, and such a purchaser has no right to be made a party defendant upon his own petition, in the foreclosure suit; nor has the purchaser of such judgment as is referred to, subsequent to the filing of the *lis pendens* notice, the right to be substituted as a party defendant in the litigation in lieu of the judgment creditor especially when it does not appear that either the complainant in the mortgage foreclosure suit, or the judgment creditor defendant in said suit has consented to such substitution.

2.  To entitle a party to file a bill in equity to remove or prevent a cloud upon the title to real estate, he must be the owner of either the legal or equitable title to said property, and under our statute (Sec. 2495 Gen. Stats. of 1906) a mortgage is neither.

3.  Where an order has been improperly made substituting an improper party defendant in a mortgage foreclosure suit for a proper party defendant, which order is not void, upon the reversal of said order it is proper, in the interest of justice, to allow the proper party defendant a reasonable opportunity to plead to, or answer the bill.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Hernando County.

## STATEMENT.

On the 23rd of May, 1908, the appellant filed a bill in the Circuit Court of Hernando County to foreclose several mortgages theretofore executed to it by W. H. Cox and wife. The mortgages were given to secure certain notes, and in addition certain advances which were to be made by the appellant to said Cox in operating a turpentine business. Cox and wife, and certain judgment creditors of Cox, *viz,* the firm of Frank & Company, E. A. Weil & Company, and W. E. Law as Sheriff of Hernando county, were made parties defendant to the bill.

It is alleged that the judgment liens were subordinate to those of the mortgages. It appears from the certified copies of the mortgages made a part of the bill the mortgages were duly recorded. These embraced lands lying in Hernando and Sumter counties, and certain leases and personal property. It is alleged in the bill that certain events had occurred which gave the appellant the right to foreclose its mortgages. At the time of filing the bill the judgment creditors had caused executions to be issued and levied on certain of the lands covered by the mortgages in Hernando county, and notices of sale on the first Monday in June, 1908, by the sheriff were then running. The appellant prayed in its bill for an injunction against these sales on the ground that sales of the property under the executions would cloud appellant's title, embarrass and subject it to annoying and vexatious litigation, and that parties to the cause would be needlessly multiplied. The bill also prayed for a receiver, alleging that the property was being wasted, and was not of sufficient value to pay what was due appellant. On the 29th of May, 1908, the applications for an injunction against the contemplated sales by the sheriff, and for a receiver, came on to be heard, on notice, before the Circuit Judge who on that day made an order granting the application for a receivership, and denying the application for an injunction. On the 1st of June, 1908, at 10:42 o'clock A. M. of said day the appellant filed a lis pendens notice in the clerk's office of Hernando county, which the record shows was then and there recorded in the Lis Pendens Docket. The notice is set out in the record and covers the lands embraced in the mortgages. On the 6th day of July, 1908, Weil & Company and Frank & Company entered their appearance in said cause, and on the 30th of July Frank & Company and Weil & Company filed their demurrer to the bill. These demur-

rers were overruled on the first of September, 1908, and these defendants were allowed until the twelfth of September, 1908, to plead to or answer the bill. On the third of August, 1908, a decree pro confesso was duly entered against Cox and wife. On the seventh of September, 1908, L. B. Varn filed his application to be made a party defendant to the bill. His petition alleges "that since the filing of the bill, that W. E. Law as Sheriff of Hernando County in and by virtue of an execution issued out of the Circuit Court in and for Suwannee County, Florida, in a cause therein pending wherein J. M. Frank, E. M. Frank, H. J. Frank and F. A. Weil, co-partners doing business as Salem Naval Stores Company ( !) did on the —— day of April, 1908, before the filing of bill of complaint herein, levy upon all the right, title and interest of W. H. Cox in and to the lands hereinafter described, and on the first day of June, 1908, sell the same at public auction in the town of Brooksville, Florida, and that he (the said L. B. Varn) became the purchaser of said lands at said sale as shown by the sheriff's deed hereto attached." The petition then describes the lands being a part of those embraced in appellant's mortgages, or some of them. The petition also alleges "that Sheriff W. E. Law under and by virtue of certain executions issued out of the Circuit Court of Suwannee County, State of Florida, in a cause therein pending wherein J. M. Frank, E. M. Frank, H. J. Frank and F. A. Weil, co-partners, trading as Frank & Company, plaintiffs, and W. H. Cox and S. J. Jones late partners trading as Salem Naval Stores Company were defendants, did on the —— day of April, 1908, levy on all the right, title and interest of W. H. Cox in and to the lands hereinafter referred to, and on the first day of June sold said lands at public auction in front of the court house door in the town of Brooks-

VOL. 57, JANUARY TERM, 1909.    509

Peninsular Naval Stores Co. v. Cox, *et al.*—Statement of Case.

ville, Florida, and said lands were bid off to the plaintiffs named in said execution, *to-wit,* Frank & Company, and that on the 23rd day of July, 1908, said Frank & Company assigned their bid and all the right thereunder to him, said L. B. Varn, and directed the sheriff of Hernando county aforesaid to execute deed to said L. B. Varn, which was done and a copy of said deed is herewith filed." The deed shows that the lands embraced therein were embraced in appellant's mortgages. The petition then alleges a judgment of the Circuit Court of Suwannee County in favor of E. A. Weil & Company against W. H. Cox and S. J. Jones, partners under the style of Salem Naval Stores Company, an execution issued thereon, a levy thereunder by the sheriff of Hernando County on a part of the lands embraced in the mortgages of appellant, and a sale on the first of June, 1908, of said lands, which were bid off by Weil & Company, and that on the twenty-fourth of July, 1908, Weil & Company assigned all the rights under said bid to Varn who took a deed therefor from the sheriff. It is further alleged that on the thirtieth of June, 1908, Weil & Company transferred and assigned all their rights, title and interest in and to the said judgments to said L. B. Varn, which assignment was recorded in Hernando county. The petition further alleges by the said deeds and assignments L. B. Varn is now the owner of the rights, title and interest which Weil & Company and Frank & Company had in and to the property herein referred, with the right to defend the same, and all of the property referred to is embraced in the foreclosure suit in this cause. The petitioner Varn then moves the court to be made defendant to said bill for the purpose of defending his rights as described, and for permission to file such pleading in defense of his rights as he may be advised. This petition

was signed by L. B. Varn, but was not sworn to by him or anyone else at the time it was acted on the 7th of September, 1908. The sheriff's deed accompanied the petition, but the alleged assignments of the judgments were not then shown in any way except by the unsworn allegation of the petition.

On the seventh of September, 1908, and without notice to the appellant, the court heard the petition of Varn, and entered the following order:

"In Hernando County Circuit Court 5th Judicial Circuit of the State of Florida In Chancery.

Peninsular Naval Stores Company, a Corporation, etc., Complainants,

vs.                          Foreclosure of Mortgages.

W. H Cox *et al,* Defendants.

### Order.

This cause coming on to be further heard on application of L. B. Varn to be made party defendant with authority to defend his interest herein, and it appearing to the satisfaction of the court that said L. B. Varn is interested in the subject matter of said suit and should be allowed to come in and defend the same, it is therefore ordered and decreed that said L. B. Varn is made party defendant with authority to file answer of plea instead of E. A. Weil & Company and Frank & Company in the premises as he may be advised. Done at Chambers in Ocala, Florida, this the 7th day of September, 1908.

W. S. Bullock, Judge."

On the eleventh of September, 1908, the said L. B. Varn filed an answer to the bill.

On the third of October, 1908, appellant filed a motion for an order rescinding the order making Varn a party defendant, and to strike his answer on the grounds, that, first, the order was made without notice to the complainant in the bill; second, Varn is not a necessary or proper party defendant in the cause; third, the order was made on an unsworn petition; fourth, Varn shows that he is a purchaser pendente lite.

On the twenty-sixth day of October, 1908, the appellant (complainant below) filed an application before the court for a decree pro confesso against Weil & Company and Frank & Company, and on the same day L. B. Varn filed the following affidavit:

"Peninsular   Naval   Stores
    Company, etc.,
                    Complainant.
              vs.          Foreclosure of Mortgage.
W. H. Cox et al
                Defendants.
State of Florida,
Hernando County.

Before the undersigned authority personally appeared L. B. Varn one of the defendants in the above stated cause who being duly sworn on oath says, that the matters and things stated in his application to be made a party defendant in the place and stead of E. A. Weil & Co. and Frank & Co. filed in this cause, are true save those upon information and belief and those he believes to be true.   Further states that the dates of his purchaser of the judgments as named in his application were taken from the assignments of said judgments, but that said transfers and assignments were not delivered to him until the 11th day of August, 1908, on which said date he

512    SUPREME COURT OF FLORIDA,

Peninsular Naval Stores Co. v. Cox, *et al.*—Statement of Case.

really became the owner thereof, notwithstanding the fact that the said transfers and assignments bear date prior to said 11th day of August, 1908, as set forth in his application.                                    L. B. Varn.

Sworn to and subscribed before me this 16th day of October, 1908.        Frank E. Saxon, Clerk Ct. Ct.
    (Seal)                By Milton L. Shame, D. C."

These applications to rescind the order making Varn a party defendant and asking for decrees pro confesso against Weil & Company and Frank & Company were heard, after due notice, on the 29th of October, and the Circuit Judge made the following order:

"This cause came on to be heard on motion of complainant's solicitor to set aside the order of this court of date the 7th day of September making Lazarus B. Varn a party defendant, and also for a decree pro confesso against the other defendants described as the judgment creditors in the bill.

It may have been inadvertent to permit Lazarus B. Varn to have been made a party defendant and without notice, but as it is made to appear that the said Lazarus B. Varn is in all respects standing in the place of the said E. A. Weil & Company and Frank & Company and who appear to be subsequent judgment creditors with liens on the land and who hold the legal title vesting in the said Varn, it cannot be said he has no interest in the matter of litigation. He can only defend for and on behalf of the said E. A. Weil & Co. and the said Frank & Co. and to make such defense as they could make, and such was the intent of the order making Varn a defendant.

It is considered and ordered that the motions be refused.

Done at chambers in Ocala, Florida, October 29th, 1908.                    .                    W. S. Bullock, Judge.

On the 30th of October, 1908, the appellant filed the following appeal: "Now comes the complainant in the above stated cause, The Peninsular Naval Stores Company, by Davant & Davant, its Solicitors, and enters this its appeal to the Supreme Court of the State of Florida, from order made by His Honor the Circuit Judge of the Fifth Judicial Circuit the seventh day of September, 1908, making Lazarus B. Varn a party defendant, and from the order of his Honor the Judge of the Fifth Judicial Circuit refusing to vacate the said order and refusing to direct decree pro confesso to be entered against the defendants E. A. Weil & Company and Frank & Company, said latter order bearing date the twenty-ninth day of October, 1908; the said appeal being returnable at Tallahassee, Florida, on Monday, the fourth day of January, 1909.            Davant & Davant,
            Complainant's Solicitors."

*Davant & Davant,* for Appellant;

*F. B. Coogler,* for Appellees.

HOCKER, J. (*after stating the facts.*)—Four assignments of error are presented here, *viz*: First, that the court erred in its order of May 29th, 1908, in not granting the injunction restraining the sale of portions of the mortgaged property described in the bill; second, that the court erred in granting the application of Lazarus B. Varn, a stranger to the cause, to be made a party defendant; third, that the court erred in not granting the motion of appellant (complainant below) to vacate the order granting the application of L. B. Varn to be made a

party defendant in the cause; and, fourth, that the court erred in refusing to grant appellant's application for a decree pro confesso against Weil & Company and Frank & Company. The first assignment is not before us for consideration in as much as there is no appeal from the order denying an injunction.

The record shows that a lis pendens notice was filed by the appellant and recorded in the Clerk's office of Hernando county at 10:42 o'clock A. M. on June 1st, 1908. The sale of the mortgaged property was under the law made after that time (see section 1632 General Statutes of 1906). It is not contended in Varn's petition that the lis pendens notice was not filed and recorded as stated in the record. Our statute provides for a lis pendens notice and the record thereof. The sections of the General Statutes of 1906 relating to this subject are as follows:

"1649.   (1220.)—No suit at law or in equity shall operate as a lis pendens as to any property involved therein until there shall have been filed in the office of the clerk of the Circuit Court of the county where the property is situated, and shall have been recorded by him in a book to be kept by him for the purpose, a notice of the institution of such suit, containing the names of the parties, the time of the institution of the suit, the name of the court in which it is pending, a description of the property involved, and a statement of the relief sought as to such property."

"1831.   (1390) * * * A Lis Pendens Docket, in which shall be recorded all notices of lis pendens." * * *

The statute does not define the effect of a lis pendens notice when it has been filed and recorded. The effect of such a notice we are left to discover from the general law on the subject. Where such a notice is filed and recorded, the suit operates as a lis pendens, and its ef-

fect is to put every one on notice of the suit, and a purchaser of the property involved, or of any interest therein of the parties defendant in the suit does so at his peril. He takes the risk of the result of the suit and is concluded by the judgment or decree therein, and it is not necessary that such a purchaser should be made a party thereto.   Leuders v. Thomas, 35   Fla. 518, 17·South. Rep. 633; Elizabeth Cordage Co. v. Whitlock, 37 Fla. 190, 20 South. Rep. 255; Wiltsie on Mortgage Foreclosure, §§302, 303, 306, 312.   It is said that such a notice is as efficient against a valid transfer or incumbrance of the property described in it as an injunction would be, and that such a notice binds all parties to the action together with all purchasers from them, and all parties claiming under them subsequently to the filing of the same.   All who are in privity with the parties to the action will also be bound.   Wiltsie on Mortgage Foreclosure §§130, 131 303 *supra*.   It is also said to apply to purchasers of the property at judicial sales had on execution of judgments or decrees in favor of persons whose interests thus sold are affected by lis pendens.   21 Am. & Eng. Ency. Law (2nd ed.) pp. 645-646.   See also 15 Ency. Pl. & Pr. 598.   To entitle a party to file a bill in equity to remove or prevent a cloud upon the title to real estate he must be the owner of either the legal or equitable title of said property.   Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635; 6 Am. & Eng. Ency. Law (2nd ed.) 156.   A mortgagee under our statute is neither.   He simply has a lien which he may enforce in equity.   Section 2495 General Statutes   of 1906; Coe v. Finlayson, 41   Fla. 169, 26 South. Rep. 704.   It seems also to be the law that the interest of the mortgagor may be levied on and sold under execution.   Section 1638 General Statutes of 1906; 11 Am. & Eng. Ency. Law (2nd ed.) 635.

The sheriff's deeds accompanying his petition show
Varn to be the purchaser of lands sold at the execution
sales, and that is all the legal evidence there is in the rec-
ord of his interest in the property in litigation, except an
affidavit filed by him on the 26th day of October, 1908,
in which he states that the judgments of Weil & Com-
pany and Frank & Company had been assigned to him on
the 11th day of August, 1908.

In the case of Doke v. Williams, 45 Fla. 248, 34
South. Rep. 569, this court held: "the general rule is
that a complainant in equity cannot be compelled upon
the application of a third party to make him a defendant
to the bill. This is particularly true where the bill con-
tains no allegations which connect such third person with
the subject matter of the litigation. In cases demanding
it third persons interested in the subject matter of litiga-
tion in chancery may present their claims to the court
for adjudication, but it should be by an appropriate bill
and not by petition. Beneficiaries of a trust when the
trustee is a party, and those having an interest in a fund
in the custody of the court may, however, intervene by
petition." In the case of Foster v. Deacon, Maddock and
Geldart 59, it was decided by the Vice Chancellor that
the assignee for a valuable consideration of the unascer-
tained interest of Deacon and wife in the suit could not
be permitted to take part in a suit as a party defendant
though he might do so by supplemental bill. In the case
of Bozon v. Bollard, 5 Eng. Ch. Rep. 69, it was held that
when a person not a party to the suit is interested in a
question, and appears by counsel and submits to be bound
by the decision, the court will not hear him without the
consent of the other parties to the suit. In the case of
Coleman v. Martin, 6 Blatchf. 119, and in the case of
Drake v. Goodridge, Id. 151, it was held by Judge

VOL. 57, JANUARY TERM, 1909.    517

Peninsular Naval Stores Co. v. Cox, *et al.*—Opinion of Court.

BLATCHFORD that no such practice is shown in equity as making a person a defendant to a suit on his own application, but this rule was limited to suits in personam, and held not applicable to suits in rem. In the latter case it was held "in a suit in rem where the court has jurisdiction over the *res,* and its decree affects the interest in the *res* of all persons who have an interest in the *res,* a person who has a lien or claim upon, or interest in the *res,* is allowed to intervene, and be heard for his own interest in the *res.*" p. 120 Id; Krippendorf v. Hyde, 110 U. S. 276, text 282, 4 Sup. Ct. Rep. 27; 1 Daniel's Chan. Prac. (6th Am. Ed.) star pp. 287, 288 and notes. But the foregoing doctrine does not seem to be applicable to the case of incumbrancers or purchasers of real estate becoming such after a bill has been filed and a lis pendens notice given. Such purchasers and incumbrancers will be bound by the decree and need not be made parties, whether the complainant has notice of them or not, "for," it is said in 1 Daniel's Chan. Prac. star page 280, "an alienation pending a suit is void, or rather voidable. If therefore after a bill filed by the first mortgagee to foreclose the mortgagor confesses a judgment executes a second mortgage, or assigns the equity of redemption the plaintiff need not make the incumbrancee, mortgagee or assignee parties; for they will be bound by the suit, and can only have the benefit of a title so gained by filing an original bill in the nature of a cross-bill to redeem the mortgaged property." From a consideration of these and other authorities we are of opinion that the court erred in granting the petition of Varn to be made a party defendant to the bill in the place of Weil & Company and Frank & Company. The order was made on the petition of Varn. No notice of the application of Varn or of the hearing was given the complainant. The purchase of the

land and the assignments of the judgments all occurred pendente lite. If Varn under the circumstances is entitled to appear as a party defendant, then any assignee of his would also be entitled to appear, and the litigation could be protracted without end. It follows that the court should also have granted the application of complainant to vacate the order permitting Varn to be made a party defendant. This brings us to a consideration of the fourth and remaining assignment of error that the court erred in refusing to grant a decree pro confesso against Weil & Company and Frank & Company.

The court below in refusing the application for a decree pro confesso proceeded on the theory that Varn was by the order making him a party entirely substituted for the defendants Weil & Company and Frank & Company. On that theory Weil & Company and Frank & Company were not in default. We think that theory was wrong. The order of the court substituting Varn did not dismiss Weil & Company or Frank & Company as defendants in the case. They had made no application to be dismissed and discharged. No notice was given the complainants of Varn's application and no consent thereto of Weil & Company and Frank & Company is shown. We think the order made thereon was erroneous. But we do not think it can be said to have been void, for the court had jurisdiction of the subject matter and the parties. The order was binding until revoked or reversed. In this tangled and embarrassing condition of the record we do not think that the complainants were entitled to a decree pro confesso against Weil & Company and Frank & Company. It seems best to us in order to meet the ends of justice that these defendants should be allowed a short time within which to plead to or answer the bill if they desire to do so. It is, therefore, ordered, adjudged and

decreed that the order making Varn a party defendant to the bill in lieu of Weil & Company and Frank & Company and the subsequent order refusing to vacate the previous one, be reversed; that defendants Frank & Company and Weil & Company be allowed ten days from the date of filing the mandate of this court in the Clerk's office of Hernando County to plead to or answer the bill, and that in default of such plea or answer by both or either of said firms that a decree pro confesso be entered by the Clerk of the Circuit Court of said County against them or either of them so defaulting. It is further ordered that L. B. Varn pay the costs of this appeal.

All concur except PARKHILL, J., absent on account of illness.