CRYSTAL SPRINGS BANK *v.* NEW ORLEANS CATTLE LOAN CO.

[95 South. 250. No. 23086.]

EQUITY. *One neither necessary nor proper party to equity suit cannot intervene.*

A person who is neither a necessary nor a proper party to a pending suit in equity will not be permitted to intervene therein on his own application for the purpose of asserting a claim to the subject-matter thereof adverse to the original parties.

APPEAL from chancery court of Copiah county.

HON. V. J. STRICKER, Chancellor.

Suit by the New Orleans Cattle Loan Company against Mathis to foreclose a mortgage, in which Crystal Springs Bank, intervened. From a decree for plaintiff, the intervener appeals. Affirmed.

*J. S. Sexton and Wilson & Henley,* for appellant.

*Miller & Hendricks,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The New Orleans Cattle Loan Company seeks to foreclose a mortgage executed to it by Mathis by bill in equity. The mortgage covers a lot of cattle, and pending the litigation a receiver was appointed to take charge of them, who,

pursuant to an order of the court below, sold them, and holds the proceeds thereof to await the final decree. The cause was heard on bill, answer, and proof, and, after the evidence was closed and the cause was being argued by counsel, several of Mathis' unsecured creditors, or rather creditors holding liens on property other than the cattle here in question, but the value of which is insufficient to pay their claims, among whom is the Crystal Springs Bank, filed a petition for intervention, setting forth that the deed of trust to the New Orleans Cattle Loan Company is void as to creditors for five different reasons, one of which is that it was executed for the purpose of hindering and delaying the creditors of Mathis in the collection of their debts. The petition also alleges that Mathis is insolvent, and prays that the petitioners "be permitted to file a bill of intervention." This petition was answered by the New Orleans Cattle Loan Company in which answer the allegations of the petition were denied and the claim made "that it is now too late to intervene in the manner attempted by these petitioners in this controversy."

The case was decided without the introduction of further testimony, and in its final decree the court awarded the New Orleans Cattle Loan Company the relief prayed for, and dismissed the petition for intervention. From this decree the Crystal Springs Bank, one of the intervening petitioners, has appealed.

What the appellant is trying to do is to intervene and establish a claim to the money in the hands of the receiver adverse to both of the original litigants, and such practice, in the absence of a statute permitting it, is not permissible either at law or in equity. Its remedy, if any it had, was by an original bill. *Hyman* v. *Cameron,* 46 Miss. 725; *Whitney* v. *Bank,* 71 Miss. 1009, 15 So. 33, 23 L. R. A. 531; *Bush* v. *Quick,* 90 Miss. 32, 43 So. 70; 20 R. C. L. 682; case notes in 123 Am. St. Rep. 280, and 3 Am. & Eng. Ann. Cas. 1091. An apparent, though not a real, exception to this rule seems to have been made in *Board of Supervisors* v. *Niles,* 58 Miss. 48, where a road overseer was enjoined from

cutting out and opening a public road over the complainant's land and on his failure to defend the suit the board of supervisors, which under the statute had full jurisdiction over the public roads, was permitted, over the protest of the complainant, to defend the suit. The court cited no authority in support of its ruling and based it on the ground that it was—"proper that the real parties interested—to-wit, the people of the county, as represented by the board of supervisors—should be allowed to come in and have the question settled once for all."

This case, if not in conflict with *Whitney* v. *Bank, supra,* is not in point here, for the appellant is neither a proper nor a necessary party to this litigation.

But counsel for the appellant say that an exception to this rule exists where there is a fund in court to be distributed, of which the intervener is entitled to a share, citing 21 Corpus Juris, 344; *Curtis* v. *Curtis,* 180 Ala. 64, 60 So. 167; *Ex parte Printup,* 87 Ala. 148, 6 So. 418; and *Ehrenstrom* v. *Phillips,* 9 Del Ch. 74, 77 Atl. 80. This exception, if such in fact exists—as to which we express no opinion—can afford the appellant no relief, for it is not attempting merely to share in the fund here in question, but to defeat the complainant's claim to the exclusive right thereto, as was attempted to be done in *Whitney* v. *Bank, supra.* An examination of the three cases cited by counsel for the appellant will disclose that so to do is not within the exception claimed.

It is said in the brief of counsel for the appellant that the court below did not dismiss the petition for intervention because such a petition is unknown to equity practice, but for the reason that it erroneously held that the deed of trust executed by Mathis to the New Orleans Cattle Loan Company is valid. Assuming for the sake of the argument that this is true, nevertheless the result will be the same, for a correct judgment or decree will, of course, not be reversed simply because the court rendering it gave the wrong reason therefor.

*Affirmed.*